FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2018

SEAN F. McAVOY, CLERK

1

Toby J. Marshall, WSBA #32726
Jennifer Rust Murray, WSBA #36983

2

Brittany J. Glass, WSBA #52095
Attorneys for Plaintiffs

3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300

4

Seattle, Washington 98103-8869
Telephone: (206) 816-6603

5

Facsimile: (206) 319-5450
Email: tmarshall@terrellmarshall.com

6

Email: jmurray@terrellmarshall.com
Email: bglass@terrellmarshall.com

7

8

[Additional Counsel Appear on Signature Page]

9

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

10

DANIEL VALENCIA, BELARMINO
HERNANDEZ, JUNIOR ARACHIGA,

11

individually and on behalf of all others
similarly situated,

NO.

12

Plaintiffs,

**CLASS ACTION COMPLAINT**

13

v.

14

HOMEDELIVERYLINK, INC.

15

Defendant.

16

Plaintiffs Daniel Valencia, Belarmino Hernandez, and Junior Arachiga, by

17

their undersigned attorneys, for this class action complaint against Defendant

18

HomeDeliveryLink, Inc. ("HomeDeliveryLink"), allege as follows:

19

20

21

CLASS ACTION COMPLAINT - 1

# I. INTRODUCTION

1.1    <u>Nature of Action</u>.  Plaintiffs Daniel Valencia, Belarmino Hernandez, and Junior Arachiga bring this class action against HomeDeliveryLink for willfully misclassifying Plaintiffs and the members of the Class as independent contractors rather than employees, in violation of Washington State law. As a result, HomeDeliveryLink has willfully failed to pay Plaintiffs and the members of the Class overtime compensation they are due for hours worked beyond 40 each week, made unlawful deductions from the paychecks of Plaintiffs and the members of the Class, and failed to provide and compensate for meal and rest breaks as required under Washington State law.

# II. JURISDICTION AND VENUE

2.1    <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over all claims asserted in this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367. The matter in controversy for Plaintiffs' claims against HomeDeliveryLink, exclusive of interest and costs, exceeds $75,000, and Plaintiffs' and Class members' claims against HomeDeliveryLink exceeds, exclusive of interest and costs, the sum of $5,000,000.

2.2    <u>Venue</u>.  Venue in the Eastern District of Washington is proper because HomeDeliveryLink transacts business in this District, and Plaintiffs reside and performed work for HomeDeliveryLink in this District.

### III. PARTIES

3.1 <u>Plaintiff Daniel Valencia</u>.  Plaintiff Daniel Valencia ("Plaintiff Valencia") resides in Pasco, Washington. He worked as a delivery driver for HomeDeliveryLink from approximately September 2015 until July 2017. During this time, HomeDeliveryLink required Plaintiff Valencia to work five to six days each week, from 6:00 a.m. or 7:00 a.m. each morning until 6:00 p.m. or 7:00 p.m. in the evening (and sometimes as late as midnight), delivering furniture and appliances to HomeDeliveryLink's customers out of a terminal in Richland, Washington. Plaintiff Valencia was not allowed to take a day off to perform delivery work for any other company besides HomeDeliveryLink, or to carry another company's furniture and appliance deliveries while delivering for HomeDeliveryLink. Each morning, a HomeDeliveryLink supervisor assigned Plaintiff Valencia a full day's worth of deliveries, with precise two-hour time windows in which Plainiff Valencia was required to perform each delivery, and Plaintiff Valencia was not allowed to reject any assignment. Although Plaintiff Valencia consistently worked sixty-plus hours each week as a delivery driver for HomeDeliveryLink, he never received overtime pay. Instead, HomeDeliveryLink paid him a piece rate for his work—specifically a flat rate for each stop plus approximately $0.30 or $0.40 per mile. In addition, HomeDeliveryLink failed to provide Plaintiff Valencia with a paid ten-minute rest break for every four hours of

work, required Plaintiff Valencia to work more than three consecutive hours without a rest break, and failed to ensure that Plaintiff Valencia took proper breaks. HomeDeliveryLink also failed to pay Plaintiff Valencia separately for rest breaks, whether he received them or not, at his average hourly rate. HomeDeliveryLink also failed to provide Plaintiff Valencia with a thirty-minute meal break for every five hours worked, failed to provide Plaintiff Valencia a second thirty-minute meal break when he worked more than eleven hours in a day, and failed to ensure that he take all his meal breaks. HomeDeliveryLink failed to provide Plaintiff Valencia with thirty minutes of additional pay for each missed meal break. HomeDeliveryLink made regular deductions from Plaintiff Valencia's bi-weekly paychecks to cover HomeDeliveryLink's own costs of doing business, including a security deposit to be used for any damaged property, administration and payroll expenses, vehicle maintenance and upkeep, and insurance. Plaintiff Valencia was an employee of HomeDeliveryLink for purposes of the Washington Minimum Wage Act ("MWA").

       3.2    <u>Plaintiff Belarmino Hernandez</u>.  Plaintiff Belarmino Hernandez ("Plaintiff Hernandez") resides in Kennewick, Washington. Plaintiff Hernandez performed appliance deliveries for HomeDeliveryLink from approximately 2014 to 2015, out of the Sears warehouse in Richland, Washington, where HomeDeliveryLink maintained an office. Plaintiff Hernandez worked full-time,

1   five to six days each week, and typically twelve or more hours each day,

2   performing deliveries for HomeDeliveryLink in the precise order dictated by

3   HomeDeliveryLink and according to HomeDeliveryLink's strict two-hour time

4   windows. Plaintiff Hernandez was not allowed to refuse any assignment, take a

5   day off to perform deliveries for any other company, or to carry deliveries for any

6   other company while delivering for HomeDeliveryLink. Like the other Plaintiffs

7   and class members, Plaintiff Hernandez never received any overtime pay despite

8   consistently working sixty-plus hours each week as a delivery driver for

9   HomeDeliveryLink. Instead, HomeDeliveryLink paid him a piece rate for his

10  work—specifically he was paid a flat rate for each stop plus approximately $0.30

11  or $0.40 per mile. In addition, HomeDeliveryLink failed to provide Plaintiff

12  Hernandez with a paid ten-minute rest break for every four hours of work, required

13  Plaintiff Hernandez to work more than three consecutive hours without a rest

14  break, and failed to ensure that Plaintiff Hernandez took proper breaks.

15  HomeDeliveryLink also failed to pay Plaintiff Hernandez separately for rest

16  breaks, whether he received them or not, at his average hourly rate.

17  HomeDeliveryLink also failed to provide Plaintiff Hernandez with a thirty-minute

18  meal break for every five hours worked, failed to provide Plaintiff Hernandez a

19  second thirty-minute meal break when he worked more than eleven hours in a day,

20  and failed to ensure that he take all his breaks. HomeDeliveryLink failed to

21

provide Plaintiff Hernandez with thirty minutes of additional pay for each missed meal break. HomeDeliveryLink made regular deductions from Plaintiff Hernandez's bi-weekly paychecks to cover HomeDeliveryLink's own costs of doing business, including a security deposit to be used for any damaged property, administration and payroll expenses, vehicle maintenance and upkeep, and insurance. Plaintiff Hernandez was an employee of HomeDeliveryLink for purposes of the MWA.

3.3    Plaintiff Junior Arachiga. Plaintiff Junior Arachiga ("Plaintiff Arachiga") resides in Kennewick, Washington. Plaintiff Arachiga performed appliance deliveries for HomeDeliveryLink from June 2016 to November 2016, out of the Sears warehouse in Richland, Washington, where HomeDeliveryLink maintained an office. Plaintiff Arachiga worked full-time, five to six days each week, from 5:30 a.m. until anywhere between 8:00 p.m. and midnight each day, performing deliveries for HomeDeliveryLink in the precise order dictated by HomeDeliveryLink and according to HomeDeliveryLink's strict two-hour time windows. Plaintiff Arachiga was not allowed to refuse any assignment, take a day off to perform deliveries for any other company, or to carry deliveries for any other company while delivering for HomeDeliveryLink. Like Plaintiff Valencia, Plaintiff Arachiga never received any overtime pay despite consistently working seventy-plus hours each week as a delivery driver for HomeDeliveryLink. Instead,

HomeDeliveryLink paid him a piece rate for this work—specifically, he was paid a flat rate for each stop plus approximately $0.30 or $0.40 per mile. In addition, HomeDeliveryLink failed to provide Plaintiff Arachiga with a paid ten-minute rest break for every four hours of work, and required Plaintiff Arachiga to work more than three consecutive hours without a rest break. HomeDeliveryLink also failed to pay Plaintiff Arachiga separately for rest breaks, whether he received them or not, at his average hourly rate. HomeDeliveryLink also failed to provide Plaintiff Arachiga with a thirty-minute meal break for every five hours worked, failed to provide Plaintiff Arachiga a second thirty-minute meal break when he worked more than eleven hours in a day, and failed to ensure that he received all his breaks. HomeDeliveryLink failed to provide Plaintiff Arachiga with thirty minutes of additional pay for each missed meal break. HomeDeliveryLink made regular deductions from Plaintiff Arachiga's bi-weekly paychecks to cover HomeDeliveryLink's own costs of doing business, including a security deposit to be used for any damaged property, administration and payroll expenses, vehicle maintenance and upkeep, and insurance. Plaintiff Arachiga was an employee of HomeDeliveryLink for purposes of the MWA.

3.4    Defendant HomeDeliveryLink.  HomeDeliveryLink is a California corporation with its headquarters in San Juan Capistrano, California. HomeDeliveryLink is registered to do and does business throughout the State of

1   Washington, including Richland, Seattle, and Spokane, Washington.

2   HomeDeliveryLink relies on Plaintiffs and other Class members to perform

3   deliveries for its customers, which include Sears, Ashley's Furniture, and Mor.

4   HomeDeliveryLink employs dispatchers, supervisors, and other management staff

5   to supervise and assign work to the Plaintiffs and Class members.

6   HomeDeliveryLink has misclassified the named Plaintiffs and at least 50 similarly

7   situated delivery drivers as independent contractors when they were actually

8   HomeDeliveryLink's employees for purposes of the MWA.

9           4.1    Class Definition: Pursuant to Civil Rule 23, Plaintiffs bring this case

10  as a class action against HomeDeliveryLink on behalf of a Class defined as

11  follows:

12              All persons who, from March 1, 2015 and the date of
13              final disposition of this action, have performed services
                for HomeDeliveryLink in Washington as delivery drivers
14              pursuant to independent contractor agreements.

15          4.2    Numerosity.  On information and belief there are more than fifty

16  individuals in the Class who have performed services for HomeDeliveryLink

17  during the class period. The members of the Class are so numerous that joinder of

18  all members is impracticable. Moreover, the disposition of the claims of the Class

19  in a single action will provide substantial benefits to all parties and the Court.

20

21

CLASS ACTION COMPLAINT - 8

4.3    <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiffs and Class members. These questions include, but are not limited to, the following:

a.    Whether HomeDeliveryLink is an employer of Class members;

b.    Whether HomeDeliveryLink has engaged in a common course of failing to properly compensate Class members for all hours worked, including overtime;

c.    Whether HomeDeliveryLink has engaged in a common course of failing to provide Class members with a ten-minute rest break for every four hours of work;

d.    Whether HomeDeliveryLink has engaged in a common course of failing to ensure that Class members do not work more than three consecutive hours without a rest break;

e.    Whether HomeDeliveryLink has engaged in a common course of failing to separately pay Class members for rest breaks, whether received or not;

f.    Whether HomeDeliveryLink has engaged in a common course of failing to provide Class members with a thirty-minute meal break for every five hours of work;

g.    Whether HomeDeliveryLink has engaged in a common course of failing to provide Class members with a second thirty-minute meal break when

they work more than eleven hours in a day;

h.    Whether HomeDeliveryLink has engaged in a common course of failing to ensure that Class members receive their meal breaks;

i.    Whether HomeDeliveryLink has failed to provide Class members with thirty minutes of additional pay for each missed meal break;

j.    Whether HomeDeliveryLink has failed to keep true and accurate time records for all hours worked by Class members;

k.    Whether HomeDeliveryLink has engaged in a common course of improperly taking or threatening to take unlawful deductions from wages owed to Class members;

l.    Whether HomeDeliveryLink's failure to pay all wages owed to Class members was willful;

m.    Whether HomeDeliveryLink has violated RCW 49.46.130;

n.    Whether HomeDeliveryLink has violated RCW 49.46.090;

o.    Whether HomeDeliveryLink has violated RCW 49.52.050;

p.    Whether HomeDeliveryLink has violated RCW 49.12.020;

q.    Whether HomeDeliveryLink has violated WAC 296-126-092;

r.    Whether HomeDeliveryLink has violated RCW 49.52.070;

s.    Whether HomeDeliveryLink has violated RCW 49.52.060;

t.    Whether HomeDeliveryLink has violated WAC 296-126-028;

1    u.    The nature and extent of class-wide injury and the measure of

2    compensation for such injury.

3    4.4    Typicality.  Plaintiffs' claims are typical of the claims of the Class.

4    Plaintiffs have performed services for HomeDeliveryLink in Washington, and thus

5    Plaintiffs are members of the Class. Plaintiffs' claims, like the claims of the Class,

6    arise out of the same common course of conduct by HomeDeliveryLink and are

7    based on the same legal and remedial theories, including that HomeDeliveryLink

8    misclassified the Plaintiffs and all Class members as independent contractors when

9    they were HomeDeliveryLink employees under Washington law; and failed to pay

10    them separately for rest breaks, whether received or not; and as a result Plaintiffs

11    and Class members were denied overtime compensation and other benefits as

12    HomeDeliveryLink employees under the MWA.

13    4.5    Adequacy.  Plaintiffs will fairly and adequately protect the interests of

14    the Class. Plaintiffs have retained competent and capable attorneys who have

15    significant experience in complex and class action litigation, including

16    employment law. Plaintiffs and their counsel are committed to prosecuting this

17    action vigorously on behalf of the Class and have the financial resources to do so.

18    Neither Plaintiffs nor their counsel have interests that are contrary to or that

19    conflict with those of the Class.

20

21

4.6     <u>Predominance</u>.  HomeDeliveryLink has engaged in a common course of wage and hour abuse toward Plaintiffs and members of the Class. The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

4.7     <u>Superiority</u>.  Plaintiffs and Class members have suffered and will continue to suffer harm and damages as a result of HomeDeliveryLink's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from HomeDeliveryLink's records.

## IV.  SUMMARY OF FACTUAL ALLEGATIONS

5.1     <u>Common Course of Conduct: Misclassification as Independent Contractors</u>. HomeDeliveryLink is the employer of all individuals who have worked directly for HomeDeliveryLink as delivery drivers in Washington pursuant to a purported "independent contractor" agreement with HomeDeliveryLink. The

following facts, among many others, show that HomeDeliveryLink is the employer of Plaintiffs and Class members:

5.1.1  HomeDeliveryLink is in the business of performing furniture and appliance deliveries for its retail clients, including Ashley's Furniture and Sears. The package pick-up and delivery services of Plaintiffs and Class members are an integral part of the HomeDeliveryLink's business.

5.1.2  HomeDeliveryLink requires Plaintiffs and Class members to work full-time, five or more days each week, performing furniture and appliance deliveries for HomeDeliveryLink's clients including Sears and Ashley's Furniture, out of terminals in Richland, Spokane, and Seattle.

5.1.3  Each morning, HomeDeliveryLink requires Plaintiffs and Class members to report to work at a set time early each morning to begin their work day. HomeDeliveryLink typically assigns the Plaintiffs and Class members a full day's worth of deliveries. Plaintiffs and Class members frequently work from as early as 5:30 a.m. or 6:00 a.m. each morning until as late as 10:00 p.m. or 11:00 p.m. (or later) at night. Plaintiffs and Class members are not allowed to take a day off without HomeDeliveryLink's permission.

5.1.4  HomeDeliveryLink requires Plaintiffs and Class members to report to work wearing a mandatory uniform of a specific color that bears the logos of either HomeDeliveryLink or HomeDeliveryLink's client for whom the Plaintiffs

and Class members are delivering that day, and HomeDeliveryLink requires

Plaintiffs and Class members to pay HomeDeliveryLink for the mandatory uniform

shirts. HomeDeliveryLink also requires Plaintiffs and Class members to wear

shoes and pants of a specific color, and to report to work clean shaven.

5.1.5   HomeDeliveryLink also requires each Plaintiff and Class

member to sign in to HomeDeliveryLink's GPS tracking software each morning

using a tablet or cell phone so that HomeDeliveryLink can track when the

Plaintiffs and Class members have reported to work as well as their whereabouts

throughout the day as they make deliveries. Plaintiffs and Class members are

required to update HomeDeliveryLink on their tablet or cell phone every time they

arrive at a customer's address, and again when finish making a delivery. If a

problem arises, such as if a customer is not home to accept the delivery, Plaintiffs

and Class members are required to call HomeDeliveryLink or an associated third-

party company to obtain instructions on how to proceed; often, Plaintiffs and Class

members are instructed to return to the customer's address later that same day,

regardless of how many other assignments they have that day.

5.1.6   HomeDeliveryLink employs supervisors at each terminal who

make sure the Plaintiffs and Class members report to work, are wearing

HomeDeliveryLink's mandatory uniforms, and perform their deliveries according

to HomeDeliveryLink's procedures.

5.1.7   HomeDeliveryLink's supervisors are also responsible for deciding which Plaintiffs and Class members are assigned which deliveries each day. The HomeDeliveryLink supervisors at each terminal assemble the day's delivery assignments into discrete routes, and the supervisors decide which routes are assigned to which Plaintiffs and Class members. Plaintiffs and Class members are paid on a flat "per stop" basis for their delivery work. Plaintiffs and Class members have had no possibility of promotion or higher pay per stop based on their work performance or efficiency.

5.1.8   Plaintiffs and Class members are not allowed to reject any route or any particular delivery assignment on their assigned route. Since HomeDeliveryLink pays its drivers on a "per stop" basis, assignments that are farther away are worth less money to Plaintiffs and Class members. However, HomeDeliveryLink fines and also threatens to fire any Plaintiffs or Class members who refuse to show up to work or who reject any particular assignment given to them by HomeDeliveryLink. HomeDeliveryLink has the right to fire any Plaintiff or Class member at any time, for any reason or for no reason at all.

5.1.9   The Plaintiffs and Class members are also not allowed to divide up the assignments on their routes among themselves as they choose; instead, HomeDeliveryLink requires the Plaintiffs and Class members to perform all of the deliveries on their routes exactly that are assigned.

CLASS ACTION COMPLAINT - 15

5.1.10  HomeDeliveryLink also dictates the specific order in which the Plaintiffs and Class members must perform their daily routes; Plaintiffs and Class members cannot decide for themselves the order in which they perform the deliveries on their routes. In addition, HomeDeliveryLink dictates narrow time windows within which each delivery must be made, and Plaintiffs and Class members cannot deviate from those time windows.

5.1.11  When the Plaintiffs and Class members are on the road making deliveries for HomeDeliveryLink, HomeDeliveryLink tracks the Plaintiffs and Class members using GPS to ensure they are following their assigned routes. When Plaintiffs or Class members deviate from their assigned routes, HomeDeliveryLink supervisors and dispatchers call the Plaintiffs and Class members to order them to return to their route.

5.1.12  HomeDeliveryLink requires Plaintiffs and Class members, for no additional compensation, to call each customer a specific amount of time before each delivery, and to recite a scripted speech in which the Plaintiff or Class member identifies him or herself as a delivery driver for HomeDeliveryLink's retail customer (e.g. as a "Sears" delivery driver). HomeDeliveryLink also requires Plaintiffs and Class members to remind customers at the conclusion of each delivery to complete an online customer satisfaction survey, the results of which

CLASS ACTION COMPLAINT - 16

are sent to the Plaintiffs' or Class members' supervisor at HomeDeliveryLink for review.

5.1.13   HomeDeliveryLink requires Plaintiffs and Class members to attend mandatory meetings at their assigned terminals. At these meetings, a HomeDeliveryLink supervisor reviews the Plaintiffs' and Class members' performance metrics, including how frequently they met HomeDeliveryLink's narrow time windows for deliveries, how frequently they performed mandatory pre-delivery calls to customers, and how well Plaintiffs and Class members performed on mandatory customer surveys. At these meetings, the manager frequently tells the Plaintiffs and Class members that they must improve their performance or risk being terminated.

5.1.14   HomeDeliveryLink prohibits Plaintiffs and Class members from taking rest breaks and meal breaks while making deliveries on their assigned routes, and moreover Plaintiffs and Class members have no time to take rest breaks or meal breaks because HomeDeliveryLink assigns too much work and requires the Plaintiffs and Class members to follow strict time windows for each delivery.

5.1.15   HomeDeliveryLink makes regular deductions from the Plaintiffs' and Class members' bi-weekly paychecks to cover HomeDeliveryLink's own costs of doing business, as set forth below.

CLASS ACTION COMPLAINT - 17

1
2
3
4
5
6
7
8
9

5.1.16   The nature of HomeDeliveryLink's furniture and appliance delivery assignments requires the Plaintiffs and Class members to hire helpers to assist with the deliveries. However, HomeDeliveryLink can deny Plaintiffs and Class members the right to hire any helper that HomeDeliveryLink does not approve of, for any reason or for no reason at all. Helpers are also required to wear the same uniforms as the Plaintiffs and Class members, and are subject to the same level of supervision and control by HomeDeliveryLink supervisors and dispatchers. HomeDeliveryLink can, and has, required the Plaintiffs and Class members to terminate any helper, at any time, for any reason or for no reason at all.

10
11
12
13
14
15

5.1.17   The full-time nature of the Plaintiffs' and Class members' work for HomeDeliveryLink, HomeDeliveryLink's requirement that Plaintiffs and Class members work five or more days each week, and HomeDeliveryLink's rule that Plaintiffs and Class members cannot reject assignments without being punished or terminated means that the Plaintiffs and Class members are not able to perform delivery services for anyone other than HomeDeliveryLink.

16
17
18
19
20

5.1.18   Plaintiffs and Class members work for HomeDeliveryLink on a piece work basis, with no opportunity to increase their earnings other than by performing more delivery stops. However, because HomeDeliveryLink requires the Plaintiffs and Class members to work full-time, five or six days each week, the Plaintiffs and Class members are not able to take a day off or reject any

21

1    assignments. HomeDeliveryLink controls how many deliveries the Plaintiffs and

2    Class members perform as well as how far they have to drive to perform them and

3    in what order. And because the Plaintiffs and Class members are paid by the stop,

4    HomeDeliveryLink has complete control over how much the Plaintiffs and Class

5    members are able to earn each week.

6        5.2    Common Course of Conduct: Overtime Violations.  As the employer

7    of Plaintiffs and Class members, HomeDeliveryLink has engaged in, and continues

8    to engage in, a common course of wage and hour abuse against its delivery drivers

9    in Washington, including as described below:

10        5.2.1   HomeDeliveryLink's common course of wage and hour abuse

11    includes failing and refusing to pay overtime compensation to Plaintiffs and Class

12    members—that is, one and one-half times the regular rate for all hours worked

13    over 40 in any workweek. Instead, HomeDeliveryLink pays its drivers a piece rate

14    for their work—specifically, a flat per-stop rate plus a certain amount for each mile

15    driven, regardless of how many hours they worked each week.

16        5.2.2   Plaintiffs and Class members are entitled to one and one-half

17    times the regular rate of pay for all hours worked in excess of forty hours per week.

18        5.2.3   HomeDeliveryLink refuses to recognize Plaintiffs and Class

19    members as employees and thus fails to pay them overtime wages when they work

20    over 40 hours per week.

21

CLASS ACTION COMPLAINT - 19

5.2.4   HomeDeliveryRate's piece-rate compensation system fails to pay drivers the reasonable equivalent of overtime pay.

5.2.5   HomeDeliveryLink has had actual knowledge of the facts set forth in Paragraphs 5.2 and 5.2.1–5.2.5.

5.3    Common Course of Conduct: Failure to Provide Proper Rest Breaks. HomeDeliveryLink has engaged in a common course of failing to provide Plaintiffs and Class members with a paid ten-minute rest break for every four hours of work and failing to ensure that Plaintiffs and Class members take their breaks.

5.3.1   HomeDeliveryLink has engaged in a common course of failing to ensure that Plaintiffs and Class members receive a paid ten-minute rest break for every four hours of work.

5.3.2   HomeDeliveryLink has engaged in a common course of failing to separately pay Class members for rest breaks, whether received or not, at their average hourly rate.

5.3.3   HomeDeliveryLink has had actual or constructive knowledge of the facts set forth in Paragraphs 5.3 and 5.3.1–5.3.3.

5.4    Common Course of Conduct: Failure to Provide Proper Meal Breaks. HomeDeliveryLink does not provide Plaintiffs and Class members with a thirty-minute meal break for every five hours of work and requires or permits Plaintiffs and Class members to work more than five consecutive hours without a meal

break. Moreover, HomeDeliveryLink does not provide Plaintiffs and Class members with a second thirty-minute meal break when they work more than eleven hours in a day. HomeDeliveryLink fails to ensure that Plaintiffs and Class members receive their meal breaks in accordance with Washington law.

5.4.1  HomeDeliveryLink requires or permits Plaintiffs and Class members to remain on duty in the interest of HomeDeliveryLink while driving a vehicle bearing the logos of HomeDeliveryLink's client companies and making deliveries for HomeDeliveryLink when Plaintiffs and Class members should be taking their meal breaks.

5.4.2  Plaintiffs and Class members regularly are not able to take the thirty-minute meal breaks to which they are entitled because of the amount of work they must do each day, and because HomeDeliveryLink prohibits them from taking breaks; instead, Plaintiffs and Class members regularly must eat while "on-the-go" and while driving in order to ensure that they can make every delivery HomeDeliveryLink requires them to deliver.

5.4.3  HomeDeliveryLink fails to ensure that Plaintiffs and Class members receive proper meal breaks.

5.4.4  HomeDeliveryLink has had actual or constructive knowledge of the facts set forth in Paragraphs 5.4 and 5.4.1–5.4.4.

1
2
3
4

     5.5    <u>Common Course of Conduct: Unlawful Deductions</u>.

HomeDeliveryLink makes regular deductions from the Plaintiffs' and Class

members' bi-weekly paychecks to cover HomeDeliveryLink's own costs of doing

business.

5
6
7
8
9
10
11

     5.5.1  HomeDeliveryLink takes an approximately $200 per paycheck

"security deposit" deduction from each Plaintiff and Class member, to go toward

any property damage or other expenses that HomeDeliveryLink, in its sole

discretion, decides is owed by the Plaintiffs and Class members.

HomeDeliveryLink also deducts several hundred dollars per paycheck from the

Plaintiffs' and Class members' pay to cover HomeDeliveryLink's administrative

and payroll costs.

12
13
14
15
16
17
18
19
20
21

     5.5.2  HomeDeliveryLink requires Plaintiffs and Class members to

pay out of pocket for the cost of the vehicles they use to deliver

HomeDeliveryLink's cargo as well as vehicle maintenance and upkeep, and

HomeDeliveryLink requires Plaintiffs and Class members to obtain specific levels

of cargo and vehicle liability insurance coverage and to have HomeDeliveryLink

listed as an "additional insured" party on these insurance policies. When Plaintiffs'

and Class members' vehicles break down, HomeDeliveryLink fines them if they

do not rent a replacement vehicle to continue making deliveries each day until their

vehicle is repaired. HomeDeliveryLink often provides rental vehicles to Plaintiffs

1  and Class members and deducts the cost of the rental from the Plaintiffs' and Class

2  members' wages. HomeDeliveryLink also has the right to require the Plaintiffs and

3  Class members to display the logos of HomeDeliveryLink's client companies such

4  as Ashley's Furniture and Sears on their vehicles.

5        5.5.3  HomeDeliveryLink derives a financial profit or benefit from all

6  of these deductions.

7        5.5.4  None of these deductions are for a lawful purpose.

8        5.5.5  All of these deductions are for the benefit of

9  HomeDeliveryLink and its customers, and none of these deductions are for the

10  benefit of the Plaintiffs and Class members.

11        5.5.6  HomeDeliveryLink has had actual or constructive knowledge of

12  the facts set forth in Paragraphs 5.5.

13    5.6    Common Course of Conduct: Failure to Maintain and Provide

14  Accurate Wage Statements. HomeDeliveryLink has engaged in a common course

15  of failing to keep true and accurate records for all hours worked by Plaintiffs and

16  Class members.

17                    **V.  FIRST CLAIM FOR RELIEF**
**(Violations of RCW  49.46.130 – Failure to Pay Overtime Wages)**

18

19    6.1    Plaintiffs reallege and incorporate by reference each and every

20  allegation set forth in the preceding paragraphs.

21

6.2     HomeDeliveryLink failed to pay or ensure payment for delivery drivers, including Plaintiffs and Class members, for all hours worked above 40 in a week at a rate of not less than one and one-half times their regular rate of pay.

6.3     RCW 49.46.130 provides that "no employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

6.4     By the actions alleged above, HomeDeliveryLink has violated the provisions of RCW 49.46.130.

6.5     As a result of these unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.46.090, Plaintiffs and the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.

## VI.  SECOND CLAIM FOR RELIEF
### (Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Rest Periods)

7.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2     HomeDeliveryLink's wage and hour violations include routinely (1) failing to provide Plaintiffs and Class members with rest breaks as required by law; (2) failing to ensure that Plaintiffs and Class members take the breaks to which

they are entitled; and (3) failing to provide Plaintiffs and Class members with ten minutes of additional pay for each missed rest break.

7.3     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.4     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.5     Pursuant to RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

7.6     WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

7.7     Under Washington law, HomeDeliveryLink has an obligation to provide employees with the rest breaks to which they are entitled.

7.8     Under Washington law, HomeDeliveryLink has an obligation to ensure that employees take the rest breaks to which they are entitled.

CLASS ACTION COMPLAINT - 25

7.9    Under Washington law, HomeDeliveryLink has an obligation to pay employees paid a piece rate separately for each missed break, regardless of whether the employees receive those rest breaks.

7.10   By the actions alleged above, including the failure to provide Plaintiffs and Class members with proper rest periods, HomeDeliveryLink has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

7.11   As a result of these unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees pursuant to RCW 49.48.030 and costs.

**VII.  THIRD CLAIM FOR RELIEF**
**(Violations of RCW 49.12.020 and WAC 296-126-092 –**
**Failure to Provide Paid Meal? Periods)**

8.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4    Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

8.5    WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, and the meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

8.6    Under Washington law, HomeDeliveryLink has an obligation to provide employees with the meal breaks to which they are entitled.

8.7    Under Washington law, HomeDeliveryLink has an obligation to ensure that employees take the meal breaks to which they are entitled.

8.8    Under Washington law, HomeDeliveryLink has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

8.9    By the actions alleged above, HomeDeliveryLink has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

8.10    As a result of these unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and

the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees pursuant to RCW 49.48.030 and costs.

## VIII.  FOURTH CLAIM FOR RELIEF
### (Violation of RCW 49.52.050(1) — Unlawful Rebate of Wages)

9.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2     RCW 49.52.050(1) provides that any employer or agent of any employer who "[s]hall collect or receive from any employee a rebate of any part of wages theretofore paid by such employer to such employee" shall be guilty of a misdemeanor.

9.3     HomeDeliveryLink's requirement that Plaintiffs and Class members pay, as a condition of employment, a portion of their wages back to HomeDeliveryLink in the form of administrative payroll fees, fines, uniform costs, and alleged property damage at HomeDeliveryLink's discretion, constitutes an unlawful rebate in violation of RCW 49.52.050(1).

9.4     Likewise, HomeDeliveryLink's requirement that Plaintiffs and Class members pay, as a condition of employment, a portion of their wages to third parties to pay for HomeDeliveryLink's own business expenses, including for the cost of delivery vehicles, fuel, and insurance, constitutes an unlawful rebate in violation of RCW 49.52.050(1).

9.5     RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050(1) and (2) shall be liable in a civil action for twice the amount of wages rebated or withheld, together with attorneys' fees and costs.

9.6     By the actions alleged above, HomeDeliveryLink has violated the provisions of RCW 49.52.050(1). As a result, Plaintiffs and Class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiffs and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## IX.  FIFTH CLAIM FOR RELIEF
### (Violation of RCW 49.46.090, RCW 49.52.060, and WAC 296-126-028 — Unlawful Deductions)

10.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2     Under RCW 49.52.060 and WAC 296-126-028(2), an employer may not make deductions to the wages of an employee unless the employee has expressly authorized those deductions in writing and in advance.

10.3     Under RCW 49.52.060 and WAC 296-126-028(2), an employer may not make deductions to the wages of an employee unless those deductions are for a lawful purpose.

CLASS ACTION COMPLAINT - 29

1       10.4   Under RCW 49.52.060 and WAC 296-126-028(2), an employer may

2   not make deductions to the wages of an employee unless those deductions are for

3   the benefit of the employee.

4       10.5   Under RCW 49.52.060 and WAC 296-126-028(3), neither the

5   employer nor any person acting in the interest of the employer can derive any

6   financial profit or benefit from any deduction to the wages of an employee.

7       10.6   Under RCW 49.52.060 and WAC 296-126-028(5), an employer must

8   identify and record all wage deductions openly and clearly in employee payroll

9   records.

10      10.7   Under Washington law, an employer may not make deductions from

11  an employee's wages during on-going employment to compensate the employer

12  for damage or loss of the employer's property, even if the damage or loss is a result

13  of the employee's violation of established policies.

14      10.8   By requiring Plaintiffs and Class members to pay, as a condition of

15  employment, a portion of their wages back to HomeDeliveryLink in the form of

16  administrative payroll fees, fines, uniform costs, rental vehicle costs, and alleged

17  property damage at HomeDeliveryLink's discretion without first getting Plaintiffs

18  and Class member's consent to the deductions in writing, HomeDeliveryLink is

19  violating RCW 49.52.060 and WAC 296-126-028.

20

21

CLASS ACTION COMPLAINT - 30

10.9    By requiring Plaintiffs and Class members to pay, as a condition of employment, a portion of their wages to third parties to pay for HomeDeliveryLink's own business expenses, including for the cost of delivery vehicles, fuel, and insurance, without first getting Plaintiffs and Class member's consent to the deductions in writing, HomeDeliveryLink is violating RCW 49.52.060 and WAC 296-126-028.

10.10    By failing to identify and record all wage deductions openly and clearly in Plaintiffs and Class members' records, HomeDeliveryLink is violating RCW 49.52.060 and WAC 296-126-028.

10.11    As a result of the unlawful acts of Defendants, Plaintiffs and Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and members of the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090 RCW 49.52.070, and RCW 49.48.030.

## X.  SIXTH CLAIM FOR RELIEF
### (Violation of RCW 49.52.050(2) — Willful Refusal to Pay Wages)

11.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2    RCW 49.52.050(2) provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is

obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

11.3    HomeDeliveryLink's violations of RCW 49.46.130, RCW 49.46.090, RCW 49.12.020, WAC 296-126-092, RCW 49.52.050, RCW 49.52.060, and WAC 296-126-028 were willful and constitute violations of RCW 49.52.050(1).

11.4    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

11.5    By the actions alleged above, HomeDeliveryLink has violated the provisions of RCW 49.52.050.

11.6    As a result of the willful, unlawful acts of HomeDeliveryLink, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiffs and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## XI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for judgment against HomeDeliveryLink, as follows:

A.    Certification of the proposed Plaintiff Class for the claims against HomeDeliveryLink;

B.      A declaration that HomeDeliveryLink is financially responsible for notifying all Class members of its wage and hour violations;

C.      Appoint Plaintiffs as representatives of the Class;

D.      Appoint the undersigned counsel as counsel for the Class;

E.      Declare that HomeDeliveryLink's actions complained of herein violate RCW 49.46.090, RCW 49.46.130, RCW 49.52.050, RCW 49.12.020, and WAC 296-126-092;

F.      Enjoin HomeDeliveryLink and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with HomeDeliveryLink, as provided by law, from engaging in the unlawful and wrongful conduct set forth herein;

G.      Award Plaintiffs and the Class compensatory and exemplary damages, as allowed by law;

H.      Award Plaintiffs and the Class attorneys' fees and costs, as allowed by law;

I.      Award Plaintiffs and the Class prejudgment and post-judgment interest, as provided by law;

J.      Permit Plaintiffs and the Class leave to amend the Complaint to conform to the evidence presented at trial; and

1

K.      Grant such other and further relief as the Court deems necessary, just,

2

and proper.

3

RESPECTFULLY SUBMITTED AND DATED this 1st day of March,

4

2018.

5

TERRELL MARSHALL LAW GROUP PLLC

6

By:   /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726

7

Jennifer Rust Murray, WSBA #36983
Brittany J. Glass, WSBA #52095

8

Attorneys for Plaintiffs
936 North 34th Street, Suite 300

9

Seattle, Washington 98103-8869
Telephone: (206) 816-6603

10

Facsimile: (206) 319-5450
Email: tmarshall@terrellmarshall.com

11

Email: jmurray@terrellmarshall.com
Email: bglass@terrellmarshall.com

12

13

Harold L. Lichten, *Pro Hac Vice Forthcoming*
Peter Delano, *Pro Hac Vice Forthcoming*
Attorneys for Plaintiffs

14

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000

15

Boston, Massachusetts 02116
Telephone: (617) 994-5800

16

Facsimile: (617) 994-5801
Email: hlichten@llrlaw.com

17

Email: pdelano@llrlaw.com

18

19

20

21

CLASS ACTION COMPLAINT - 34