UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL VALENCIA, BELARMINO HERNANDEZ, and JUNIOR ARACHIGA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOMEDELIVERYLINK INC.,<br><br>Defendant. | No. 4:18-cv-05034-SMJ<br><br>**ORDER CERTIFYING CLASS** |

Plaintiffs Daniel Valencia, Belarmino Hernandez, and Junior Arachiga allege Defendant HomeDeliveryLink Inc. ("HDL") mischaracterized them and similarly situated people as independent contractors when they are, under Washington law, employees entitled to overtime wages, rest and break periods, and no pay deductions. Before the Court is Plaintiffs' Motion for Class Certification, ECF No. 37. Plaintiffs seek an order certifying a class and subclass. *Id.* at 8–9. Specifically, Plaintiffs seek an order certifying (1) "a Class defined as: All persons who, from March 1, 2015 and the date of final disposition of this action, have performed services for HDL in Washington as delivery drivers"; and (2) "a Subclass defined as: All persons who, from March 1, 2015 and the date of final disposition of this

ORDER CERTIFYING CLASS **-** 1

action, have performed services for HDL in Washington as delivery drivers and paid funds to HDL through check deductions." *Id.* Plaintiffs also seek an order appointing themselves as class representatives and appointing their counsel, the law firms of Terrell Marshall Law Group PLLC and Licthen & Liss-Riordan PC, as class counsel. *Id.* at 11. HDL opposes the motion. ECF No. 64.

The Court held a hearing on the motion on August 22, 2019. Having reviewed the briefing and the entire file in this matter, the Court is fully informed and grants the motion because Plaintiffs have met all requirements of Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy of representation) and (b)(3) (predominance of common questions and superiority of class adjudication).

**BACKGROUND**

HDL delivers furniture and appliances for Washington retailers. HDL performs such deliveries through drivers it classifies as independent contractors. Plaintiffs allege that they and their proposed class and subclass are, in fact, HDL's employees rather than independent contractors.[1] In support, Plaintiffs argue "HDL's drivers are economically dependent on HDL"; "HDL's client contracts require HDL to control its delivery drivers"; "HDL controls its hiring process"; "HDL requires

---

[1] Plaintiffs assert six causes of action alleging HDL violated various Washington statutes and regulations. ECF No. 1 at 23–32.

contract carriers to sign substantially uniform contracts"; "HDL controls drivers' delivery services through training, mandatory meetings, and performance monitoring"; "HDL controlled the tools, clothing, and equipment that drivers use"; "[d]rivers cannot deviate from assigned routes, negotiate their pay, or make deliveries for other companies"; "[d]rivers' services are integral to HDL's business and require no special skill"; and "HDL makes unlawful deductions from contract carriers' pay." ECF No. 37 at 2, 13–27.

Having reviewed the copious evidence Plaintiffs provided, the Court finds that, at this stage, sufficient evidence exists to sustain the above contentions. Upon these facts, Plaintiffs propose certifying a class of 121 Washington HDL drivers and a subclass of thirty-nine such drivers who endured pay deductions. *Id.* at 9.

## LEGAL STANDARD

"A representative plaintiff may sue on behalf of a class when the plaintiff affirmatively demonstrates the proposed class meets the four threshold requirements of . . . Rule . . . 23(a): numerosity, commonality, typicality, and adequacy of representation." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1002 (9th Cir. 2018), *cert. dismissed*, 139 S. Ct. 1651 (2019). "Additionally, a plaintiff seeking certification under Rule 23(b)(3) must demonstrate that 'questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods

for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)).

"[B]efore certifying a class, the trial court must conduct a rigorous analysis to determine whether the party seeking certification has met the prerequisites of Rule 23." *Id.* at 1004 (quoting *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001)).

**DISCUSSION**

The issue is whether the Court should certify a class of Washington HDL drivers, and a subclass of such drivers who endured pay deductions, all of whom allege they are HDL's employees under Washington's economic-dependence test. Under the Washington Minimum Wage Act, Revised Code of Washington section 49.46.010(2), "an employee includes any individual permitted to work by an employer." *Anfinson v. FedEx Ground Package Sys., Inc.*, 281 P.3d 289, 297 (Wash. 2012). "The relevant inquiry is whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Id.* at 299 (internal quotation marks omitted). Possible nonexclusive factors fall into two categories and include

> (A) The nature and degree of control of the workers;
> (B) The degree of supervision, direct or indirect, of the work;
> (C) The power to determine the pay rates or the methods of payment of the workers;
> (D) The right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; and

(E) Preparation of payroll and the payment of wages.

. . . .

(1) whether the work was a specialty job on the production line;
(2) whether responsibility under the contracts between a labor contractor and an employer pass from one labor contractor to another without material changes;
(3) whether the premises and equipment of the employer are used for the work ([e.g.,] the alleged employee's investment in equipment or materials required for his task, or his employment of helpers);
(4) whether the employees had a business organization that could or did shift as a unit from one worksite to another;
(5) whether the work was piecework and not work that required initiative, judgment or foresight ([i.e.,] whether the service rendered requires a special skill);
(6) whether the employee had an opportunity for profit or loss depending upon the alleged employee's managerial skill;
(7) whether there was permanence in the working relationship; and
(8) whether the service rendered is an integral part of the alleged employer's business.

*Becerra v. Expert Janitorial, LLC*, 332 P.3d 415, 421 (Wash. 2014) (internal quotation marks, brackets, and citations omitted).

HDL argues Plaintiffs cannot meet Rule 23's commonality, predominance, and adequacy requirements.[2] Additionally, HDL argues Plaintiffs cannot establish acertainability. The Court addresses each argument in turn.

**A.   Ascertainability**

HDL argues Plaintiffs' proposed class and subclass cannot be reasonably ascertained with objective criteria. ECF No. 64 at 17–19. The Court disagrees. The

---

[2] HDL does not challenge numerosity or superiority, and addresses typicality only in the context of adequacy. *See* ECF No. 64 at 29; ECF No. 75 at 4.

ORDER CERTIFYING CLASS **-** 5

Ninth Circuit has not adopted an "ascertainability" requirement. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.4 (9th Cir. 2017). For certification, it is sufficient that a class is defined by objective criteria. *See id.* at 1124, 1133.

Plaintiffs are correct that, here, "[c]lass membership is based entirely on objective criteria: (1) that the class member performed services for HDL, (2) as a delivery driver, (3) in Washington, (4) on March 1, 2015 or after." ECF No. 68 at 6. "Subclass members must meet these requirements and have paid funds to HDL through check deductions." *Id.*

Plaintiffs are also correct that "[a]ny class identification issues in this case are manageable." *Id.* at 7. Class membership can be determined from the records of HDL and its delivery customers—Innovel Solutions Inc. (formerly known as Sears Logistics Services Inc.), Hill Country Holdings LLC (doing business as Ashley Furniture Homestores), and Mor Furniture for Less. While two Plaintiffs drove for HDL under other names, they claim they did so at the direction of, and with the knowledge of, HDL management. *See* ECF No. 44 at 2; ECF No. 51 at 2; ECF No. 69 at 9–12, 17–20. During a post-judgment claims process, HDL can raise challenges to whether a claimant is a qualified member of the class or subclass. But this does not affect class certification.

Finally, Plaintiffs are correct that "choice-of-law issues are not before the Court and . . . do not defeat class certification" because "HDL identifies no foreign

ORDER CERTIFYING CLASS - 6

law that conflicts with Washington law." ECF No. 68 at 9 (citing *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 562–63 (9th Cir. 2019) (en banc)).

**B.      Commonality**

Rule 23(a)(2) requires "questions of law or fact common to the class."[3] HDL argues "resolution of Plaintiffs' core claim—that they were misclassified as independent contractors—turns on each putative class member's experience under the factors set out in Washington's economic-dependence test" and "[b]y necessity, that analysis entails examining issues that find no uniformity among the proposed class." ECF No. 64 at 6. The Court disagrees. "All questions of fact and law need not be common to satisfy the [commonality requirement]. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012) (alteration in original) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). "The common contention 'must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an

---

[3] Regarding commonality, Plaintiffs argue that, "[f]or the Class, common questions of law and fact include (1) whether HDL is an employer of the Class members under Washington law; (2) whether HDL unlawfully failed to pay Class members overtime for all hours worked over 40 hours per week; and (3) whether HDL failed to ensure that drivers received rest and meal breaks required by law." ECF No. 37 at 4. Also, "[t]he claims of the Subclass raise the additional common question of whether HDL made unlawful deductions from Subclass members' wages." *Id.*

ORDER CERTIFYING CLASS **-** 7

issue that is central to the validity of each one of the claims in one stroke.'" *Id.* at 1401–42 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).[4]

That is the case here. Plaintiffs contend their proposed class and subclass are all HDL's employees under Washington's economic-dependence test. This common contention is capable of classwide resolution because determining its truth or falsity will resolve in one stroke the misclassification issue central to the validity of each individual claim. There are shared legal issues and a common core of salient facts derived from common evidence. Thus, there are questions of law and fact common to the class and subclass. Plaintiffs have demonstrated commonality. *See Williams v. Jani-King of Phila. Inc.*, 837 F.3d 314, 319–25 (3d Cir. 2016); *DaSilva v. Border Transfer of MA, Inc.*, 296 F. Supp. 3d 389, 398–404 (D. Mass. 2017); *Vargas v. Spirit Delivery & Distrib. Servs., Inc.*, 245 F. Supp. 3d 268, 286–87 (D. Mass. 2017); *Wilkins v. Just Energy Grp., Inc.*, 308 F.R.D. 170, 182–84 (N.D. Ill. 2015); *Villalpando v. Exel Direct Inc.*, 303 F.R.D. 588, 606 (N.D. Cal. 2014); *Scovil v. FedEx Ground Package Sys., Inc.*, 886 F. Supp. 2d 45, 48 (D. Me. 2012); *Phelps v. 3PD, Inc.*, 261 F.R.D. 548, 555–57 (D. Or. 2009).

//

---

[4] "The commonality and typicality requirements . . . 'tend to merge' . . . ." *Meyer*, 707 F.3d at 1041 (quoting *Dukes*, 564 U.S. at 350 n.5). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id.* at 1042 (alteration in original) (quoting *Hanlon*, 150 F.3d at 1020).

**C.   Predominance**

Rule 23(b)(3) requires a court finding that "the questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[5]

"Rule 23(b)(3)'s predominance inquiry is 'far more demanding' than Rule 23(a)'s commonality requirement." *Sali*, 909 F.3d at 1008 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997)). "When evaluating predominance, 'a court has a duty to take a close look at whether common questions predominate over individual ones, and ensure that individual questions do not overwhelm questions common to the class.'" *Id.* (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679, 691 (9th Cir. 2018), *vacated on other grounds on reh'g en banc*, 926 F.3d 539 (9th Cir. 2019)). "The main concern of the predominance inquiry under Rule 23(b)(3) is the balance between individual and common issues." *Id.* (quoting *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 545–46 (9th Cir. 2013)). Relevant factors include

---

[5] Regarding predominance, Plaintiffs argue that "numerous questions of law and fact common to all members of the Class and Subclass predominate over any individualized issues." ECF No. 37. at 10. "The central common issue—whether HDL is the delivery drivers' employer—predominates over any individualized issue." *Id.* Further, "Plaintiffs have no conflicts with other Class members, have retained experienced counsel, and are diligently pursuing Class claims." *Id.*

    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
    (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Here, the questions of law and fact common to class and subclass members predominate over any questions affecting only individual members. Individual questions do not overwhelm questions common to the class and subclass.

Plaintiffs have submitted copious evidence, common to their proposed class and subclass, tending to show HDL's Washington drivers are its employees entitled to overtime wages, rest and break periods, and no pay deductions. HDL disputes the merits of Plaintiffs' allegations.[6] But HDL does not argue its policies and practices varied significantly among its Washington drivers. Minor differences do not preclude a finding of predominance. Nor do variances in potential damages.[7]

---

[6] "Although . . . a court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim,' Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) (quoting *Dukes*, 564 U.S. at 351). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* at 466.

[7] "[T]he need for individual damages calculations does not, alone, defeat class certification." *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016).

Contrary to HDL's assertion, Plaintiffs do not merely rely on anecdotal evidence.[8] To the extent any gaps in the record exist, Plaintiffs are entitled to the benefit of reasonable inferences. Further, HDL's waiver defense is speculative at this juncture and does not preclude a finding of predominance. Plaintiffs have demonstrated predominance. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059–61 (7th Cir. 2016); *DaSilva*, 296 F. Supp. 3d at 405–06; *Vargas*, 245 F. Supp. 3d at 289; *Wilkins*, 308 F.R.D. at 184–89; *Villalpando*, 303 F.R.D. at 607–10; *Scovil*, 886 F. Supp. 2d at 49–55; *Phelps*, 261 F.R.D. at 559–63.

## D.  Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."[9] "Determining whether representation is adequate requires the court to consider two questions: '(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Sali*, 909 F.3d at 1007 (quoting *In re*

---

[8] Regardless, using representative evidence appears to be a reliable means of proving or disproving the elements of Plaintiffs' causes of action, including liability *and* damages. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046 (2016); *Vaquero*, 824 F.3d at 1155.

[9] Regarding adequacy, Plaintiffs argue they "have no conflicts with other Class members, have retained experienced counsel, and are diligently pursuing Class claims." ECF No. 37 at 10. They reason that, "[r]egardless of whether they paid funds to HDL through paycheck deductions, Plaintiffs and members of the Class and Subclass were all subjected to the same unlawful conduct by HDL." *Id.*

*Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000)).[10]

Here, Plaintiffs and their counsel do not have any conflicts of interest with other class or subclass members. Plaintiffs and their counsel will prosecute the action vigorously on behalf of the class and subclass. Therefore, Plaintiffs will fairly and adequately protect the interests of the class and subclass.

HDL argues a conflict of interests exists between the thirty-nine "contract carriers" (Washington drivers who performed HDL deliveries pursuant to signed contracts) and the eighty-two "second drivers" (Washington drivers who performed HDL deliveries but never signed contracts). Specifically, HDL argues contract carriers employed second drivers, so the former may be liable to the latter as employers. Courts have rejected this argument on the reasoning that if one group has employment status, so too does the other, and the sole employer is the company utilizing their services. *See* ECF No. 68 at 13–14 (collecting cases). This reasoning applies here. If contract carriers are employees, so too are second drivers, and the sole employer is HDL. After all, HDL treated contract carriers no differently than second drivers. No conflict of interests exists.

HDL also challenges one Plaintiff's ability to represent the subclass. ECF But its claim that he was an absentee owner of a carrier business does not hold

---

[10] The commonality and typicality requirements "tend to merge with the adequacy-of-representation requirement." *Dukes*, 564 U.S. at 350 n.5 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982)).

up. And, he has the minimum level of sophistication and understanding required of a named plaintiff. Plaintiffs have demonstrated adequacy.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Class Certification, **ECF No. 37**, is **GRANTED**.
2. The following **CLASS** is **CERTIFIED** for litigation in this case:

    All persons who, from March 1, 2015 and the date of final disposition of this action, have performed services for HDL in Washington as delivery drivers.

3. The following **SUBCLASS** is **CERTIFIED** for litigation in this case:

    All persons who, from March 1, 2015 and the date of final disposition of this action, have performed services for HDL in Washington as delivery drivers and paid funds to HDL through check deductions.

4. Plaintiffs Daniel Valencia, Belarmino Hernandez, and Junior Arachiga are **APPOINTED** as **CLASS REPRESENTATIVES**.
5. The law firms of Terrell Marshall Law Group PLLC and Licthen & Liss-Riordan PC are **APPOINTED** as **CLASS COUNSEL**.
6. No later than **five business days** from the date of this Order, Plaintiffs shall file a proposal for sending **notice** of this action to the class and subclass.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 23rd day of September 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge