Case 4:18-cv-05034-SMJ    ECF No. 168    filed 10/08/20    PageID.5026    Page 1 of 10

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIEL VALENCIA, individually and on behalf of all others similarly situated, BELARMINO HERNANDEZ, individually and on behalf of all others similarly situated, and JUNIOR ARACHIGA, individually and on behalf of all others similarly situated

Plaintiffs,

v.

HOMEDELIVERY INC.

Defendant.

No.  4:18-cv-05034-SMJ

**PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Before the Court, without oral argument, is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 165, including the declarations of Plaintiffs' counsel, ECF Nos. 166 & 167. After extensive discovery, motion practice, mediation, and arm's length settlement negations the parties conducted an all-day settlement conference on August 12, 2020 before Magistrate Judge Mary K. Dimke, Plaintiffs Daniel Valencia, Belarmino Hernandez, and Junior Arechiga, and Defendant Homedelivery, Inc., entered into a class action

PRELIMINARY APPROVAL OF CLASS SETTLEMENT – 1

Settlement Agreement, subject to review under Fed. R. Civ. P. 23(a), (b)(3).

Plaintiffs ask the Court to (1) provisionally certify the proposed Settlement Class and Subclass, (2) grant preliminary approval of the Settlement, (3) approve their proposed notice to the class, (4) appoint as Class Counsel the law firms Terrell Marshall Law Group PLLC and Lichten and Liss-Riordan, (5) appoint as Class Representatives Belarmino Hernandez, Daniel Valencia and Junior Arechiga, and (6) schedule the final fairness hearing and related dates. Defendant does not oppose the motion.

The Court has reviewed the Settlement Agreement, as well as the documents submitted and the proceedings and entire file to date in this matter. Based on its preliminary examination, the Court is fully informed and grants the motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, **ECF No. 165**, is **GRANTED**.

2. ***Class Certification for Settlement Purposes Only.*** Under Federal Rule of Civil Procedure 23(a) and (b)(3), the Court, for settlement purposes only, conditionally certifies the following Settlement Class and Subclass:

**Settlement Class.**[1] All persons who, from March 1, 2015 to the date that the Court enters the Preliminary Approval Order, have performed services for HDL in Washington as delivery drivers.

**Settlement Subclass.**[2] All persons who, from March 1, 2015 to the date that the Court enters the Preliminary Approval Order, have performed services for HDL in Washington as delivery drivers and paid funds to HDL through check deductions, including deductions from payments HDL made to spouses or domestic partners of the drivers.

In connection with the certification, the Court also makes the following preliminary findings:

**3.** The Settlement Class and Subclass satisfies Rule 23(a)(1) because the Class appears to be at least 100 members.

**4.** The Settlement Class and Subclass satisfies Rule 23(a)(2) because there appear to be questions of law or fact common to the Class.

**5.** The Settlement Class satisfies Rule 23(a)(3) because the claims and defenses of the Plaintiffs named in the caption appear typical of the claims and defenses of the class.

---

[1] The Settlement Class differs from the class the Court certified, ECF No. 76 at 13, because it now specifies the class period runs through preliminary approval. ECF No. 165 at 13.

[2] The Settlement Subclass differs from the subclass the Court certified, ECF No. 76 at 13, because it now (1) specifies that the class period runs through preliminary approval, and (2) clarifies that it includes drivers like Plaintiffs Arechiga and Valencia who paid funds to HDL through check deductions from payments HDL made to their spouses or domestic partners. ECF No. 165 at 13.

PRELIMINARY APPROVAL OF CLASS SETTLEMENT – 3

6. The Settlement Class and Subclass satisfies Rule 23(a)(4) because the named Plaintiffs appear to be capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement and because counsel representing the Class are qualified, competent, and capable of prosecuting this action on behalf of the Class.

7. The Settlement Class and Subclass satisfies Rule 23(b)(3) because, for purposes of Settlement approval and administration, common questions of law and fact appear to predominate over questions affecting only individual Class Members and because the settlement with the above-described Class and Subclass appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class. The Class appears to be sufficiently cohesive to warrant settlement by representation.

In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a Settlement Class.

8. ***Preliminary Approval of Proposed Settlement.*** The Agreement, its terms, and any appended exhibits are preliminarily approved as fair, reasonable, and adequate; they are hereby incorporated as though fully set forth in this Order. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027

(9th Cir. 1998) (citation omitted); *see also In re Online DVD-Rental*, 779 F.3d 934, 944 (9th Cir. 2015) (noting that when settlement precedes formal class certification, approval of a settlement requires a "higher standard of fairness"). Capitalized terms shall have the meanings attributed to them in the Agreement. The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations, and (b) the Agreement is sufficient to warrant notice thereof to members of the Settlement Class.

9. ***Class Representatives.*** For settlement purposes only, the Court hereby designates Plaintiffs BELARMINO HERNANDEZ, DANIEL VALENCIA, and JUNIOR ARECHIGA as class representatives ("Class Representatives") under Rule 23 and finds that they have and will continue to fairly and adequately protect the interests of the Settlement Class.

10. ***Class Counsel.*** For settlement purposes only, the Court designates Terrell Marshall Law Group PLLC and Lichten & Liss-Riordan as Class Counsel for purposes of settlement. For purposes of these settlement proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities.

**11.** *Settlement Administrator.* The Court appoints Lichten & Liss-Riordan as the Settlement Administrator that shall fulfill the settlement administration functions, duties, and responsibilities as set forth in the Agreement.

**12.** *Final Fairness Hearing.* A final approval hearing (the "Final Fairness Hearing") is **SET** for **February 4, 2021** at **10:30 A.M.** in **Richland**, Washington for the Court to determine whether the Agreement is fair, reasonable, and adequate, and to give final approval. The Court may reset the Final Fairness Hearing at any time without notice.

**13.** *Notices.* The Court approves the form and content of the notices set forth as Exhibits C and D of the Agreement, ECF No. 166 at 56–62, 63–65. Both notices are hereby incorporated as though fully set forth in this Order. Within twenty-eight (28) days of entry of this Order, Lichten & Liss-Riordan shall deliver notices to all Class Members who can be identified with reasonable effort and published in the manner set forth in the Agreement. Notices sent by U.S. Mail or email and published shall be substantially in the same form as Exhibits C and D, ECF No. 166 at 56–62, 63–65.

**14.** *Findings Concerning Notices.* The Court finds that the notices and the manner of its dissemination described in the Agreement constitutes the

best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class. The Court finds that the notice plan is reasonable; that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process, Rule 23, and any other applicable laws.

15. ***Exclusion from Settlement Class.*** Each Class Member who wishes to exclude himself or herself from the Settlement Class and follows the procedures set forth in Part III § (J)(5)(d) of the Agreement shall be excluded. The exclusion request must: (i) be in writing; (ii) state the Settlement Class Member's current address; (iii) containing the following statement: "I request that I be excluded from the settlement Class in the vase of Valencia v. HDL" (or the Spanish equivalent; (iv) be signed; and (v) be mailed to Class Counsel at the address provided in the Notice and postmarked by the Response deadline.

    a. Any member of the Settlement Class who submits a timely and valid exclusion request shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under the

Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

16. ***Objections and Appearances.***

   a. ***Objections.*** Settlement Class members will have sixty days from the date the notice and claim form are mailed to submit a claim form, opt out of the settlement, or submit objections as provided in Part III § (A)(12) of the Agreement. Class members wishing to object must follow the procedures set forth in Part III § (J)(5)(c) of the Agreement. All untimely objections or objections that do not conform with the Agreement shall be barred.

   b. ***Responses to Objections.*** The Parties shall submit any responses to objections no later than fourteen (14) days after the Response Deadline. *See* Agreement Part III § (J)(5)(c).

17. ***Appearance at Final Fairness Hearing.*** Any objecting Class Member who wishes to address the Court at the Final Fairness Hearing must indicate his or her intent to do so in writing to Class Counsel at the same time that the Class Member submits the objection. Class Counsel will inform the Court and Defendant's counsel accordingly.

PRELIMINARY APPROVAL OF CLASS SETTLEMENT – 8

18. **Papers for Fees and Expenses.** Under *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010), the Court directs Class Counsel to file a motion for approval of attorneys' fees, costs, and service awards no later than **thirty (30) days** before the deadline to submit claims, exclusions, and objections. Class Counsel will make their request for attorneys' fees and costs available on the Settlement Website within twenty-four hours after filing.

19. If oral argument is requested, the motion will be heard final fairness hearing on **February 4, 2021** at **10:30A.M.** in **Richland**, Washington.

20. **Discretion of Counsel.** Counsel are hereby authorized to take reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Notice that they jointly deem reasonable or necessary.

21. **Reservation of Rights and Retention of Jurisdiction.** The Court reserves the right to adjourn or reset the date of the Final Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

22. The following timeline will govern proceedings through the Final Fairness Hearing:

| DEADLINE | EVENT |
|---|---|
| October 19, 2020 | Deadline for Lichten & Liss-Riordan to send CAFA notice |
| Twenty-eight days after entry of this Order | Deadline to mail or email notice Settlement Website established |
| Fifty-eight days after entry of this Order | Class Counsel files request for fees, costs, and service awards |
| Eighty-eight days after entry of this Order | Settlement Class members to submit claims, exclusions, and file objections |
| 102 days after entry of this Order | Final Approval Motion, Response to Objections, and Lichten & Liss-Riordan declaration Regarding Notice to be filed |
| February 4, 2021 | Final Fairness Hearing |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 8th day of October 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

PRELIMINARY APPROVAL OF CLASS SETTLEMENT – 10