1  Toby J. Marshall, WSBA #32726
   Jennifer Rust Murray, WSBA #36983
2  Brittany J. Glass, WSBA #52095
   Attorneys for Plaintiffs
3  TERRELL MARSHALL LAW GROUP PLLC
   936 North 34th Street, Suite 300
4  Seattle, Washington 98103-8869
   Telephone: (206) 816-6603
5  Facsimile: (206) 319-5450
   Email: tmarshall@terrellmarshall.com
6  Email: jmurray@terrellmarshall.com
   Email: bglass@terrellmarshall.com
7
   [Additional Counsel Appear on Signature Page]
8
9                 UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF WASHINGTON

10 DANIEL VALENCIA, BELARMINO
   HERNANDEZ, JUNIOR ARECHIGA,
11 individually and on behalf of all others      NO. 4:18-cv-05034-SMJ
   similarly situated,
                                                 **PLAINTIFFS' UNOPPOSED MOTION**
12                      Plaintiffs,              **FOR FINAL APPROVAL OF CLASS**
                                                 **ACTION SETTLEMENT**
13          v.
                                                 **NOTE ON MOTION CALENDAR:**
14 HOMEDELIVERYLINK, INC.,                       **FEBRUARY 4, 2021 AT 10:30 AM**

                        Defendant.
15                                               **WITH ORAL ARGUMENT**

16

17

18

19

20 PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
   ACTION SETTLEMENT
   CASE NO. 4:18-CV-05034-SMJ

**TABLE OF CONTENTS**

Page No.

I.      INTRODUCTION ............................................................................. 1

II.     BACKGROUND ............................................................................. 2

        A.     Factual and procedural background ................................... 2

        B.     The notice program was successful ................................... 3

        C.     The Settlement provides substantial relief to all claimants .............. 7

        D.     No Settlement funds will revert to HDL ............................. 8

III.    ARGUMENT AND AUTHORITY ....................................................... 8

        A.     Plaintiffs and Class Counsel have adequately
               represented the class. ...................................................... 10

        B.     The Settlement is the result of arm's-length, non-collusive
               negotiations ..................................................................... 10

        C.     The relief provided for the Class is adequate. .................. 12

               1.     The relief provided by the Settlement is adequate
                      in light of the costs, risks, and delay of trial and appeal ........ 12

               2.     All approved Claimants will receive cash payments ............. 15

               3.     Class Counsel seek an award of attorneys' fees
                      that represents a fraction of their total lodestar,
                      which will be paid only after final approval .......................... 16

        D.     The Settlement treats Class Members
               equitably relative to each other ...................................... 17

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - i
CASE NO. 4:18-CV-05034-SMJ

E.    The Court-ordered Notice Program is constitutionally sound ......... 17

F.    The Settlement Class should be finally certified ............................. 19

G.    Class Counsel's requested fees and the Class Representatives' requested service awards should be approved ............................. 19

IV.    CONCLUSION ........................................................................................ 19

**TABLE OF AUTHORITIES**

Page No.

STATE CASES

*Amchem Prods. v. Windsor,*
521 U.S. 591 (1997)..................................................................... 18

*Ortiz v. Fiberboard Corp.,*
527 U.S. 815 (1999)..................................................................... 11

FEDERAL CASES

*Bellinghausen v. Tractor Supply Co.,*
306 F.R.D. 245 (N.D. Cal. 2007) .................................................. 13

*In re Bluetooth Headset Prods. Liab. Litig.,*
654 F.3d 935 (9th Cir. 2011) ....................................................... 16

*Churchill Vill., L.L.C. v. Gen. Elec.,*
361 F.3d 566 (9th Cir. 2004) ......................................................... 9

*In re Hyundai and Kia Fuel Econ. Litig.,*
926 F.3d 539 (9th Cir. 2019) ....................................................... 12

*In re Mego Fin. Corp. Sec. Litig.,*
213 F.3d 454, 459 (9th Cir. 2000)............................................... 13

*In re Online DVD-Rental Antitrust Litig.,*
779 F.3d 934 (9th Cir. 2015) ....................................................... 12

*Rinky Dink, Inc. v. World Bus. Lenders*,

    No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016)........... 13

*Rodriguez v. W. Publ'g Corp.*,

    563 F.3d 948 (9th Cir. 2009) ....................................................... 13

*Roes v. SFBSC Mgmt., LLC*,

    944 F.3d 1035 (9th Cir. 2019) ..................................................... 18

*Van Kempen v. Matheson Tri-Gas, Inc.*,

    No. 15-CV-00660-HSG, 2017 WL 3670787 (N.D. Cal. Aug. 25, 2017)......... 13

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,

    895 F.3d 597 (9th Cir. 2018) ........................................................ 9

FEDERAL RULES

Fed. R. Civ. P. 23(e)(1) ............................................................ 17

Fed. R. Civ. P. 23(e)(2)(C)(iii) .................................................. 16

1

## I. INTRODUCTION

2      Plaintiffs Daniel Valencia, Belarmino Hernandez, and Junior Arechiga

3   respectfully request the Court grant final approval of the class action Settlement

4   they reached with Defendant HomeDeliveryLink, Inc. (HDL). The Settlement is an

5   excellent result for the approximately 138 delivery drivers that comprise the

6   certified Settlement Class. HDL must make payments totaling $1,450,000, of

7   which at least $840,000 will be used to pay Settlement Class Members who

8   submitted timely, valid claims. HDL also will pay $550,000 in attorneys' fees and a

9   $20,000 service award for each named Plaintiff as approved by the Court.

10      Sixty-four Settlement Class Members submitted valid claims. These claims

11   account for more than 80% of the Settlement Class's calculated estimated

12   damages. This means the claimants tended to be drivers who worked longer for

13   HDL than others and suffered greater potential damages. The average claimant

14   will receive approximately $13,125, and the highest award is $75,913. The award

15   amounts are based on the damages modeling of Plaintiffs' expert, which took into

16   account the number of weeks claimants worked during the class period and the

17   amount of deductions HDL made to their wages, if any. Settlement Class

18   Members may have received larger awards if they had won at trial—the awards

19   represent approximately 54% of their calculated damages. But there was no

20   PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 1
CASE NO. 4:18-CV-05034-SMJ

guarantee the Class would have prevailed on the merits or, if they did prevail, that they would have been awarded the calculated damages. Indeed, at the time the case settled, the parties were briefing summary judgment on several issues, including whether HDL misclassified its drivers as independent contractors. If HDL prevailed on that central, dispositive issue, the Class would have received nothing.

Because the requirements of Federal Rules of Civil Procedure 23(e) and (h) are satisfied, Plaintiffs request the Court grant final approval of the Settlement by: (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class and Subclass; (4) granting Class Counsel $550,000 in attorneys' fees and costs; and (5) approving service awards for the Class Representatives of $20,000 each.

## II.  BACKGROUND

**A.     Factual and procedural background.**

Plaintiffs allege that HDL misclassified its truck drivers as independent contractors and, as a result, violated Washington wage laws by (1) failing to provide overtime pay to Class members who worked more than 40 hours per week; (2) failing to provide Class members with the rest and meal breaks to which they are entitled; and (3) taking unlawful deductions from contracting drivers' pay. ECF No. 1. The parties engaged in substantial discovery, including responding

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 2
CASE NO. 4:18-CV-05034-SMJ

1  to each other's written discovery and exchanging documents, taking and

2  defending eighteen depositions, sending subpoenas to HDL's retail clients who

3  produced key electronic data that Plaintiffs' expert used to calculate class

4  damages, and exchanging expert reports. ECF No. 173 ¶¶ 13-15. The Court

5  certified a Class of Washington drivers and a Subclass of drivers who paid funds to

6  HDL through check deductions. *See* ECF No. 76.

7  The parties were briefing multiple motions for summary judgment and

8  preparing for trial when they engaged in mediation with Magistrate Judge Mary

9  Dimke. ECF Nos. 166 ¶ 16; 173 ¶¶ 16-17. The parties executed the Settlement

10 Agreement, and Plaintiffs filed their motion for preliminary settlement approval

11 just weeks before the bench trial was scheduled to commence. On October 9,

12 2020, the Court preliminarily approved the Settlement. ECF No. 165.

13 **B.    The notice program was successful.**

14 One of the law firms representing Plaintiffs, Lichten & Liss-Riordan (LLR),

15 served as Settlement Administrator. LLR's settlement administration team has

16 extensive experience administering settlements. Declaration Regarding Class

17 Notice Process and Settlement Administration (Notice Decl.) ¶ 2.

18 After the Court granted preliminary approval of the Settlement, LLR

19 commenced the notice program. *See* Notice Decl. ¶¶ 6-7. LLR mailed the notice,

20 PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 3
CASE NO. 4:18-CV-05034-SMJ

claim form, and a blank IRS Form W9 to 137 potential Settlement Class members. *Id.* ¶ 7. LLR also emailed notice of the Settlement to 42 potential Settlement Class members. *Id.* ¶ 9. For any returned notice, LLR attempted to locate an updated address and then re-mailed the notice to the new address. Only five notices remained undeliverable. *Id.* ¶ 8.[1]

The notice provided Settlement Class members with a telephone number they could call if they had questions about the Settlement or claims process. Notice Decl., Exs. B-C. The notice also referred Settlement Class members to a Settlement Website where Settlement Class Members could access relevant documents and submit claims electronically. *Id*.

Class Counsel supplemented the mail and email notice with a fulsome calling program. Before preliminary approval was granted, Class Counsel called over 100 Settlement Class members, informed them of the Settlement, and told them when to expect formal notice of the Settlement. Declaration of Jennifer Rust Murray in Support of Final Approval (Murray Decl.) ¶ 2. Through this process, Class Counsel learned of additional individuals who drove for HDL but were not

---

[1]LLR also mailed the notice required by the Class Action Fairness Act (CAFA), 28 U.S.C. Section 1715. Notice Decl. ¶¶ 4-5. No government entity responded. *Id*.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 4
CASE NO. 4:18-CV-05034-SMJ

1    included on the class lists that HDL produced during the litigation. *Id.* ¶ 2. Class

2    Counsel made sure these individuals received notice of the settlement and were

3    given a chance to submit claims. *Id.* After LLR mailed and emailed notice to the

4    Settlement Class, Class Counsel called over 100 Settlement Class members to

5    remind them to submit their claims. *Id.* ¶ 3; Notice Decl. ¶ 11.

6        The deadline for submitting claims was January 4, 2021. ECF No. 168 ¶ 22.

7    LLR received a total of 78 claims, 63 of which were submitted by individuals on

8    the list of potential Settlement Class members to whom LLR mailed or emailed

9    notice of the Settlement. Notice Decl. ¶ 13. Fifteen individuals submitted claims

10   even though they had not been mailed or emailed notice. *Id.* ¶ 12. Class Counsel

11   attempted to contact all of these "unlisted" claimants. *Id.* Through this process,

12   Class Counsel confirmed that one unlisted claimant drove for HDL in Washington

13   and thus is a Class member. *Id.* Class Counsel also confirmed that three unlisted

14   claimants did not drive for HDL in Washington and thus are not Class members.

15   *Id.* Class Counsel could not reach the remaining claimants. *Id.* HDL also confirmed

16   it lacks records demonstrating that the unlisted claimants drove for HDL in

17   Washington. *Id.*

18       The claim form included an estimate of the amount of each Settlement

19   Class Member's settlement award. ECF No. 166, Ex. 1 (Settle. Agmt.) at Exhibit B.

20   PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
     ACTION SETTLEMENT - 5
     CASE NO. 4:18-CV-05034-SMJ

The estimated awards were based on Plaintiffs' expert's calculation of the hours worked by Class Members based on HDL's settlement statements, dispatch data produced by HDL's clients, and Class member testimony. They are also based on deductions HDL withheld from Subclass members. If a potential Settlement Class Member was not included in Plaintiffs' expert's analysis, Class Counsel based the estimated award on the number of weeks the Class Member worked during the class period and whether the Class Member also met the Subclass requirements (that is, had deductions taken from his pay), applying averages derived from Plaintiffs' expert's damages analysis. Murray Decl. ¶ 4.

Three Settlement Class members challenged the estimated award amounts. Murray Decl. ¶ 5. Class Counsel assessed the challenges by reviewing documents produced by HDL, documents provided by the challengers, and deposition testimony. *Id.* Class Counsel also interviewed the challengers. *Id.* Class Counsel determined that the challenges should be approved. *Id.* One person who was not included on the original class list submitted a claim. *Id.* ¶ 6. After interviewing this person and reviewing his documents, his claim was also approved. *Id.*

As of January 19, 2021, 64 claims had been approved for payment. Notice Decl. ¶¶ 13-14, Ex. D. Of the 64 qualified claimants, 55 were included in the damages modeling of Plaintiffs' expert and thus those calculations were used to

1   determine the claimants' proportional shares. Murray Decl. ¶ 7. For the other

2   nine qualified claimants, Class Counsel obtained information regarding the

3   number of weeks each claimant worked and the claimant's status as a primary or

4   second driver. *Id.* Class Counsel then multiplied the average damages per

5   workweek for the appropriate status based on the damages Plaintiffs' expert

6   calculated for other drivers of the same status. *Id.*

7       The deadline for opting out of or objecting to the Settlement was also

8   January 4, 2021. No Class Member objected or opted out. Notice Decl. ¶¶ 15-16.

9   **C.    The Settlement provides substantial relief to all claimants.**

10      The Settlement requires HDL to make payments totaling $1,450,000. Settle.

11  Agmt. § III.C.1. If approved by the Court, these amounts include $840,000 to pay

12  claimants, $550,000 for attorneys' fees and costs, and service awards of $20,000

13  for each Plaintiff. *Id.* Now that the claims period has closed, Class Counsel has

14  determined that qualified claimants will receive settlement payments ranging

15  from just under $112 to just over $75,913. Notice Decl., Ex. D. The average award

16  is $13,125. *Id.* Based on Plaintiffs' expert's damages calculations, claimants will

17  receive approximately 54% of the damages they may have recovered had the case

18  proceeded to trial. Murray Decl. ¶ 8.

19

20  PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
    ACTION SETTLEMENT - 7
    CASE NO. 4:18-CV-05034-SMJ

**D.    No Settlement funds will revert to HDL.**

HDL will not receive a reversion under the Settlement. If a claimant's settlement check remains uncashed 60 days after issuance, Class Counsel will stop payment. Settle. Agmt. § III.J. If it is feasible, Class Counsel will redistribute the remaining amount to all claimants who cashed their original checks. *Id.* The proceeds of any uncashed checks following the second distribution (or if there is no second distribution) will go to the Legal Foundation of Washington. *Id.*

### III.  ARGUMENT AND AUTHORITY

Under Rule 23(e)(2), the Court may approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering whether:

> (A) the class representative and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i)   the costs, risks, and delay of trial and appeal;
>>
>> (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

1

2

(iv)  any agreement required to be identified under Rule 23(e)(3); and

(D)  the proposal treats class members equitably relative to each other.

The amended Rule 23 factors are largely consistent with those previously identified by the Ninth Circuit as guides to determining whether a proposed settlement is fair, adequate, and reasonable. The factors previously discussed by the Ninth Circuit are: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575–76 (9th Cir. 2004). The Ninth Circuit has characterized these factors as "guideposts" and explained that "[d]eciding whether a settlement is fair" is "best left to the district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 9
CASE NO. 4:18-CV-05034-SMJ

**A.    Plaintiffs and Class Counsel have adequately represented the class.**

The Court previously found that Plaintiffs have no conflicts of interest with the other Settlement Class Members and have demonstrated their commitment to the class by actively participating in the litigation. ECF No. 76 at 12; ECF No. 168 at 4. Nothing has changed. Plaintiffs and Class Counsel have continued to vigorously represent the Class and Subclass and have no conflicts of interest with any Members. Each of the Class Representatives responded to interrogatories, requests for production, and requests for admission. And each were deposed. The Class Representatives also participated in the full-day mediation and numerous meetings with counsel and were prepared to testify at trial. *See* Decls. of Junior Arechiga, Belarmino Hernandez, and Daniel Valencia. Each Class Representative made a commitment to serve, regardless of the burden and despite serious concerns that being publicly identified with the case would negatively affect future employment opportunities. *Id.* Each Class Representative shouldered these burdens because they believed in the importance of the case. *Id.*

**B.    The Settlement is the result of arm's-length, non-collusive negotiations.**

The parties negotiated the Settlement at arm's length during a mediation facilitated by Magistrate Judge Dimke. "[O]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal

1    knowledge and negotiating skill agreed upon the figure through arms-length

2    bargaining." *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999); *see also* Fed. R.

3    Civ. P. 23(e)(2) advisory committee's note to 2018 amendment (involvement of

4    court-affiliated mediator in settlement negotiations may bear on whether they

5    were conducted in manner that would protect and further class interests). All

6    three Class Representatives participated in the all-day, virtual settlement

7    conference. Arechiga Decl. ¶ 6; Valencia Decl. ¶ 7; Hernandez Decl. ¶ 5.

8        Class Counsel negotiated the Settlement with the benefit of many years of

9    prior experience and a solid understanding of the facts and law of this case. *See*

10   ECF Nos. 173 and 174. Class Counsel have extensive experience litigating and

11   settling class actions, including wage and hour cases like this one. *Id*. They believe

12   the Settlement is fair, reasonable, adequate, and in the best interests of the

13   Settlement Class as a whole. ECF No. 166 ¶ 19.

14       The Ninth Circuit has identified "red flags" that may suggest plaintiffs'

15   counsel allowed pursuit of their own self-interest to infect settlement decisions,

16   including when counsel seek a disproportionate portion of the settlement or the

17   parties agree to a "clear sailing" arrangement or "kicker clause" providing the

18   defendant will not object to a fee request up to a certain percentage of the

19   common fund and any amounts not awarded by the Court will revert to the

20   PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
     ACTION SETTLEMENT - 11
     CASE NO. 4:18-CV-05034-SMJ

defendant. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019). None are present here. When costs are considered, Class Counsel seek a fee of $480,670 ($550,000 - $69,330 = $480,670), which is less than half the fees incurred in this case ($480,670/$1,020,718.75 = 0.47). ECF No. 172, n.1. None of the Settlement Fund will revert to HDL. Settle. Agmt. § III.J. And there is "no clear sailing arrangement." HDL agreed to pay $550,000 in attorneys' fees subject to the Court's determination that this is reasonable under the lodestar method.

**C.    The relief provided for the Class is adequate.**

In determining whether the relief provided to the Settlement Class is adequate, courts must balance the strength of the plaintiff's case against the risk, expense, complexity, and likely duration of further litigation. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). Here, HDL's agreement to pay $1,450,000 to settle this case is more than adequate.

1.    <u>The relief provided by the Settlement is adequate in light of the costs, risks, and delay of trial and appeal.</u>

The parties have been litigating this action for nearly three years and have sufficient information to make an informed decision with respect to the Settlement. Before reaching agreement, Plaintiffs served HDL with interrogatories and requests for production and issued subpoenas to HDL's retail clients who maintain custody of manifest data showing the dates and times Class members

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 12
CASE NO. 4:18-CV-05034-SMJ

worked. ECF No. 166 ¶¶ 11-15 & ECF No. 173 ¶¶ 14-15. Class Counsel also interviewed HDL drivers, deposed HDL managers including its Vice President and Controller, and defended depositions of the Plaintiffs, eight Class members, and Plaintiffs' expert. ECF No.166 ¶ 14. After the Class was certified, Class Counsel pursued settlement statements and driver files. Class Counsel used this discovery, which included hundreds of thousands of documents, to evaluate the composition of the Class, Plaintiffs' claims, HDL's defenses, and Class-wide damages. *Id.* ¶ 13. As a result, "the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink, Inc. v. World Bus. Lenders*, No. C14-0268-JCC, 2016 WL 3087073, at *3 (W.D. Wash. May 31, 2016).

The relief provided by the Settlement is substantial. Claimants will receive 54% of their estimated potential damages. Murray Decl. ¶ 8. This result exceeds similar settlements approved by other courts. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (affirming approval of settlement amounting to 30% of estimated damages); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming approval of settlement recovering 1/6 to 1/2 of class members' estimated loss); *Van Kempen v. Matheson Tri-Gas, Inc.*, No. 15-CV-00660-HSG, 2017 WL 3670787, at *5 (N.D. Cal. Aug. 25, 2017) (approving

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 13
Case No. 4:18-cv-05034-SMJ

1  wage and hour recovery of 54% of potential damages); *Bellinghausen v. Tractor*

2  *Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2007) (approving wage and hour

3  settlement of 8.5% and 25.4% of defendant's potential liability).

4      The settlement awards are high, ranging from $111.83 for a claimant who

5  worked only two weeks as a second driver to $75,913 for a primary contractor

6  who worked 140 weeks. *Id.* The average award for primary contractors (i.e., those

7  who had deductions taken from their pay) is $19,084. *Id.* The average award for

8  second drivers (who did not have deductions from their pay) is $8,776. *Id.* The

9  average award across all drivers is $13,125. *Id.*

10      Plaintiffs were confident in the merits of their case but well aware that HDL

11  intended to aggressively pursue defenses available to it. Plaintiffs still had several

12  hurdles to clear before resolution through further litigation, including dispositive

13  motions, trial, and any appeal that followed. HDL also could have moved to

14  decertify or appeal after trial. Plaintiffs therefore faced the ongoing risk that any

15  payments to the Settlement Class would be substantially delayed by appeals.

16      Litigating this case to trial and through any appeals would be expensive and

17  time-consuming and would present risks to both parties. The Settlement, by

18  contrast, provides prompt and certain relief for Settlement Class Members. *See*

19  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

20  PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 14
CASE NO. 4:18-CV-05034-SMJ

2.    <u>All approved Claimants will receive cash payments.</u>

Rule 23(e)(2)(C)(ii) requires consideration of the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims. The Settlement's proposed method of distributing settlement payment is fair. Class Counsel spent substantial time scouring HDL's documents and calling Class members to ensure they were aware of the claims process and to find others who may be entitled to recover. Through their efforts, Class Counsel identified 22 potential Settlement Class members not included on the class list attached to the Settlement Agreement. Murray Decl. ¶ 2. All had an opportunity to submit a claim, were provided an estimate of their potential award amount, and had an opportunity to challenge that amount.

Three Settlement Class Members successfully challenged their estimated workweeks, and one person who was not initially identified as a Class Member provided sufficient proof that he, like Plaintiffs Arechiga and Valencia, drove for HDL in Washington under his wife's name and had deductions taken from his pay. His claim was approved. Murray Decl. ¶¶ 5-6.

The claims process required only that Settlement Class Members fill out a simple claim form and IRS Form W9. When Settlement Class Members had

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 15
CASE NO. 4:18-CV-05034-SMJ

1  questions about the claim form or IRS Form W9, Class Counsel assisted. Murray

2  Decl. ¶ 3. Settlement checks will be distributed to all claimants by mail.

3        3.    Class Counsel seek an award of attorneys' fees that represents a
             fraction of their total lodestar, which will be paid only after final
4            approval.

5        Under Rule 23(e)(2)(C)(iii) the Court should consider "the terms of any

6  proposed award of attorney's fees, including timing of payment." The Settlement

7  Agreement provides that attorneys' fees and costs shall be paid from the

8  Settlement Fund in an amount approved by the Court. Settle. Agmt. § III.C.1.b.

9        Class Counsel seek a fee award of $550,000, which is inclusive of costs.

10 After the requested award is reduced by the $69,330 in out-of-pocket costs Class

11 Counsel incurred prosecuting this action, the fee recovery is only 47% of Class

12 Counsel's total lodestar of more than $1 million. *See* ECF No. 172 at n. 1. Courts

13 generally use the lodestar method to award fees where, as here, a fee-shifting

14 statute authorizes "the award of fees to ensure compensation for counsel

15 undertaking socially beneficial litigation." *In re Bluetooth Headset Prods. Liab.*

16 *Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Application of the lodestar method

17 demonstrates that the requested fee is reasonable. *See* ECF No. 172. As for

18 timing, fees will be paid only after the Court finally approves the Settlement, the

19

20 PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
   ACTION SETTLEMENT - 16
   CASE NO. 4:18-CV-05034-SMJ

1    time for any appeal has elapsed, or any appeal has been resolved, and the

2    Settlement has taken effect. Settle. Agmt. §§ III.E & J.11.

3         Though free to do so, no Settlement Class Member has objected to the

4    award sought by Class Counsel. Notice Decl. ¶ 16.

5    **D.    The Settlement treats Class Members equitably relative to each other.**

6         Under Rule 23(e)(2)(D), the Court must consider whether the Settlement

7    Agreement treats Settlement Class Members equitably relative to each other.

8    Each Settlement Class Member's share will be based on his or her actual

9    damages. Of the 64 qualified claimants, 55 were included in Plaintiffs' expert's

10   damages calculations. ECF No. 166 ¶¶ 15, 20-21. Thus, those figures were used to

11   calculate their proportional shares. Murray Decl. ¶ 7. For the other nine qualified

12   claimants, Plaintiffs obtained information regarding the number of weeks those

13   claimants worked during the class period and the claimant's status as a primary or

14   secondary driver. Plaintiffs multiplied the average damages per workweek for the

15   appropriate status based on the damages Plaintiffs' expert calculated for other

16   drivers of the same status. *Id.*

17   **E.    The Court-ordered Notice Program is constitutionally sound.**

18        Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to

19   all class members who would be bound by" a proposed settlement. Fed. R. Civ. P.

20   PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
     ACTION SETTLEMENT - 17
     CASE NO. 4:18-CV-05034-SMJ

1    23(e)(1). Class members are entitled to the "best notice that is practicable under

2    the circumstances" of any proposed settlement before it is finally approved by

3    the Court. Fed. R. Civ. P. 23(c)(2)(B). To comply with due process, notice must be

4    "the best notice practicable under the circumstances, including individual notice

5    to all members who can be identified through reasonable effort." *Amchem Prods.*

6    *v. Windsor*, 521 U.S. 591, 617 (1997).

7         The Preliminary Approval Order directed that email notice be sent to

8    known members of the Class. ECF No. 168 at 6 ¶ 13. LLR completed the Notice

9    Plan as directed, mailing and emailing notice documents and resending returned

10   notices when an updated address could be located. Notice Decl. ¶¶ 7-9. Only five

11   notices were ultimately undeliverable. Notice Decl. ¶ 8; *cf. Roes v. SFBSC Mgmt.,*

12   *LLC*, 944 F.3d 1035, 1046-57 (9th Cir. 2019).

13        Class Counsel also established and maintained a publicly available website

14   containing documents relevant to the Settlement, responses to frequently asked

15   questions, and telephone number and email address Settlement Class Members

16   could use to contact the Administrator. Notice Decl. ¶ 10. Class Counsel tracked

17   more than 230 unique pageviews of the Settlement webpage. *Id.* LLR estimates

18   that the notice program reached 96.4% of the Class. *Id*. ¶ 8.

19        The notice program satisfied Rule 23 requirements and due process.

20   PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
     ACTION SETTLEMENT - 18
     CASE NO. 4:18-CV-05034-SMJ

**F.  The Settlement Class should be finally certified.**

In its Preliminary Approval Order, the Court conditionally certified the

Settlement Class under Federal Rule of Civil Procedure 23(a) and (b)(3). ECF No.

168 ¶ 2. Nothing has changed. The requirements of both Rule 23(a) and (b)(3)

remain satisfied. For all of the reasons set forth in the Court's Preliminary

Approval Order, ECF No. 168, and Plaintiffs' preliminary approval motion, ECF No.

165 at 15-18, the Court should finally certify the Settlement Class and Subclass.

**G.  Class Counsel's requested fees and the Class Representatives' requested service awards should be approved.**

No Settlement Class Member objected to Class Counsel's request for

attorneys' fees or the proposed service awards to Class Representatives Daniel

Valencia, Belarmino Hernandez, and Junior Arechiga. For all the reasons set forth

in Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards, ECF No. 172,

Class Counsel respectfully request that the Court award (1) Class Counsel

$550,000 in attorneys' fees and costs; and (2) Class Representative service awards

in the amount of $20,000 each for their service to the Settlement Class.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter an

Order (1) approving the Settlement Agreement; (2) determining that adequate

notice was provided to the Settlement Class; (3) finally certifying the Settlement

Class and Subclass; (4) granting Class Counsel an attorneys' fees and costs award

of $550,000; and (5) approving service awards in the amount of $20,000 to each

Class Representative.

RESPECTFULLY SUBMITTED AND DATED this 19th day of January, 2021.


TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Jennifer Rust Murray, WSBA #36983
Toby J. Marshall, WSBA #32726
Jennifer Rust Murray, WSBA #36983
Brittany J. Glass, WSBA #52095
Attorneys for Plaintiffs
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: tmarshall@terrellmarshall.com
Email: jmurray@terrellmarshall.com
Email: bglass@terrellmarshall.com

Harold L. Lichten, *Admitted Pro Hac Vice*
Matthew Thomson
Attorneys for Plaintiffs
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
Email: hlichten@llrlaw.com
Email: mthomson@llrlaw.com

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 20
CASE NO. 4:18-CV-05034-SMJ

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Jennifer Rust Murray, hereby certify that on January 19, 2021, I

3

electronically filed the foregoing with the Clerk of the Court using the CM/ECF

4

system which will send notification of such filing to the following:

5

Adam C. Smedstad, WSBA #53201
Attorneys for Defendant

6

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
3214 West McGraw Street, Suite 301F

7

Seattle, Washington 98199
Telephone: (206) 288-6192

8

Facsimile: (206) 299-9375
Email: asmedstad@scopelitis.com

9

10

James Spolyar, *Admitted Pro Hac Vice*
Attorneys for Defendant
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

11

10 West Market Street, Suite 1400
Indianapolis, Indiana 46204

12

Telephone: (317) 637-1777
Facsimile: (317) 687-2414

13

Email: jspolyar@scopelitis.com

14

Jason M. Whalen, WSBA #22195
Attorney for Defendant

15

LEDGER SQUARE LAW, P.S.
710 Market Street

16

Tacoma, Washington 98402
Telephone: (253) 327-1900

17

Facsimile: (253) 327-1700
Email: jason@ledgersquarelaw.com

18

19

20

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 21
CASE NO. 4:18-CV-05034-SMJ

1  DATED this 19th day of January, 2021.

2                              TERRELL MARSHALL LAW GROUP PLLC

3                              By:   /s/ Jennifer Rust Murray, WSBA #36983
                                    Jennifer Rust Murray, WSBA #36983
4                                   Attorneys for Plaintiffs
                                    936 North 34th Street, Suite 300
5                                   Seattle, Washington 98103
                                    Telephone: (206) 816-6603
6                                   Facsimile: (206) 319-5450
                                    Email: jmurray@terrellmarshall.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20  PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS
    ACTION SETTLEMENT - 22
    CASE NO. 4:18-CV-05034-SMJ