FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL VALENCIA, individually and on behalf of all others similarly situated; BELARMINO HERNANDEZ, individually and on behalf of all others similarly situated; and JUNIOR ARACHIGA, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>HOMEDELIVERYLINK INC.,<br><br>           Defendant. | No.  4:18-cv-05034-SMJ<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS** |

Before the Court are Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, ECF No. 178, and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, ECF No. 172.

On September 25, 2020, Plaintiffs filed the Settlement Agreement, ECF No. 166, which set forth the terms and conditions of the Settlement and release of certain claims (i.e., the Released Claims) against Defendant and all other Released Parties ("Settlement");

The Court preliminarily approved the Settlement on October 9, 2020, ECF

No. 168, and notice of the Settlement was given to Settlement Class members in accordance with the Preliminary Approval Order.

The Court has reviewed and considered all papers filed in support of the Settlement and all exhibits to the settlement and, after notice to the Settlement Class, held a final fairness hearing on February 19, 2021, at which time the Parties and all interested persons were heard in support of and in opposition to the Settlement.

After considering the motions, along with the declarations and exhibits submitted with the motions, and conducting a hearing on the matter, the Court is fully informed, and finds that the Settlement is fair, adequate, and reasonable to the Settlement Class, within the authority of the parties, and the result of arm's length negotiations. The Court thus grants the Plaintiffs' motions. Accordingly, the Class is certified, the Settlement Agreement is finally approved, Class Counsel are awarded $550,000 in fees and costs, and Service Awards are approved in the amount of $20,000 each for Plaintiffs Daniel Valencia, Belarmino Hernandez, and Junior Arechiga ($60,000 total).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, **ECF No. 178**, is **GRANTED**.

2. Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, **ECF No. 172**, is **GRANTED**.

3. The Court has jurisdiction over the subject matter of this Case and personal jurisdiction over the parties and the Settlement Class. The definitions and provisions of the Settlement Agreement are incorporated in this Order as though fully set forth herein.

4. ***Class Certification for Settlement Purposes Only.*** Under Federal Rule of Civil Procedure 23(a) and (b)(3), the Court, for settlement purposes only, certifies the following Settlement Class and Subclass:

> **Settlement Class.** All persons who, from March 1, 2015 to the date that the Court enters the Preliminary Approval Order, have performed services for [Homedeliverylink, Inc. "HDL"] in Washington as delivery drivers.
>
> **Settlement Subclass.** All persons who, from March 1, 2015 to the date that the Court enters the Preliminary Approval Order, have performed services for HDL in Washington as delivery drivers and paid funds to HDL through check deductions, including deductions from payments HDL made to spouses or domestic partners of the drivers.

5. For purposes of settlement, the Court appoints Plaintiffs Belarmino Hernandez, Daniel Valencia, and Junior Arechiga as "Class Representatives."

6. For purposes of settlement, the Court appoints Terrell Marshall Law Group PLLC and Lichten & Liss-Riordan as "Class Counsel."

7. As for the Settlement Class, the Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all

members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members; and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) it is desirable to concentrate the claims in this forum; and (i) it is unlikely that there will be difficulties encountered in administering this Settlement.

8. If the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Settlement Agreement.

9. The Court finds that the notice given to Settlement Class Members in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order fully and accurately informed Settlement

Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice. The notice complied with due process, Federal Rule of Civil Procedure 23, and all other applicable law.

10. No Settlement Class members have requested exclusion from the Settlement.

11. The Settlement Agreement requires HDL to pay $1,450,000 to settle this case. The Settlement includes a $900,000 payment to the Settlement Class to be used to make cash payments to Settlement Class Members who submit valid and timely claims and any court-approved service awards for the Plaintiffs. The Settlement also includes $550,000 to pay notice and settlement administration expenses and court-approved statutory attorneys' fees and costs. Class Counsel have filed a motion seeking approval of the $550,000 attorney fees and costs payment and of service awards for Plaintiffs in the amount of $20,000 each.

12. The Settlement is non-reversionary, and any amounts remaining after an initial distribution to Settlement Class Members and a second distribution, if necessary and feasible, will be disbursed to the Legal Foundation of Washington, a non-profit organization that supports

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 5

civil legal aid organizations in Washington, including those that focus on workers' rights.

13. The Court grants final approval of the Settlement and finds it is in all respects fair, reasonable, adequate, and in the best interest of Settlement Class Members. The parties dispute the merits of Plaintiffs' claims, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, Settlement Class Members faced the challenge of maintaining a certified litigation class, defeating summary judgment, and convincing a jury that HDL misclassified its delivery drivers as independent contractors when they were employees. They also would have had to survive appeals of any class certification order, summary judgment rulings, or other rulings rendered during trial. Class Counsel, who have significant experience litigating and settling these types of claims, have reviewed the Settlement Agreement and find it to be in the best interest of Settlement Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approving the Settlement.

14. In making this determination, the Court has considered the criteria set forth in Federal Rule of Civil Procedure 23(e). Specifically, the Class Representatives and Class Counsel have adequately represented the Class; the proposal was negotiated at arm's length; the relief provided for the Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Class including the method of processing Class-member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and the proposal treats class members equitably relative to each other.

15. The parties, their counsel, and Lichten & Liss-Riordan, which has served as settlement administrator, shall fulfill their obligations and duties under the Settlement Agreement.

16. The Court dismisses with prejudice this Case and adjudges that the Released Claims are released against the Releasing Parties.

17. Plaintiffs and Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

18. Lichten & Liss-Riordan executed the Notice Plan according to the terms of the Settlement Agreement and in compliance with the Preliminary Approval Order. The Notice apprised the Settlement Class members of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on Settlement Class Members and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The Notice Plan prescribed by the Settlement Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to notice. The notice satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The notices were reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Case, all material elements of the Settlement, and their opportunity to exclude themselves from or object to the Settlement and to appear at the final fairness hearing.

19. In accordance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010), Class Counsel filed their petition for attorney fees, costs, and service awards with the Court and posted the motion on the Settlement Website thirty (30) days before the deadline to submit claims, exclusions, and objections.

20. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Approval Order.

21. Within ten (10) days after the filing of the proposed Settlement Agreement in the Court, a notice of the proposed Settlement was served upon the appropriate state official of each state in which a Settlement Class member resides and upon the Attorney General of the United States. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

22. The Court approves payment of attorney fees and costs in the amount of $550,000. The attorney fees and costs are reasonable based on the lodestar method, which is the appropriate method of calculation in this case because Plaintiffs' central claims are brought under Washington

statutes that contain a fee-shifting provision for successful recovery of wages, *see* Wash. Rev. Code §§ 49.46.090, 49.48.030 & 49.52.070, and the purpose of the fee-shifting provision is "to ensure compensation for counsel undertaking socially beneficial litigation." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011); *see also Drinkwitz v. Alliant Techsys., Inc.*, 996 P.2d 582, 587 (2000) (describing the role Washington's wage statutes have played in Washington's "long and proud history of being a pioneer in the protection of employee rights").

23. The Court concludes the award of attorney fees and costs is fair and reasonable after analyzing (1) the number of hours Class Counsel reasonably expended on the litigation multiplied by counsel's reasonable hourly rates; (2) the substantial financial recovery for Settlement Class Members; (3) the diligent and efficient effort of Class Counsel in litigation Plaintiffs' claims; (4) Class Counsel's substantial experience in complex wage and hour class action litigation and skill utilized to achieve the Settlement; (5) the hurdles to proving liability and damages at trial; and (6) the reasonableness of the litigation costs incurred by Class Counsel.

24. Class Counsel reasonably expended more than 3,000 hours prosecuting this litigation, not including hours spent drafting the final approval papers, preparing for the final approval hearing, and handling settlement administration issues after final approval. The Court has reviewed the summaries of the hours worked by timekeeper and Class Counsel's contemporaneous time records and finds that the number of hours is reasonable. The Court notes that Class Counsel reviewed their time records and reduced their total hours by ninety-eight hours of billable time.

25. In determining a reasonable rate, the court considers the "experience, skill and reputation of the attorney requesting fees." *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996). The court also considers "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The relevant community is generally defined as the forum in which the district court sits." *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (2009) (quotation marks and citation omitted). "[A]ffidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community and rate determinations in other cases are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v.*

*Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Here, Class Counsel's lodestar of $1,020,718.75 is based on rates lower than the rates they ordinarily charge in similar actions. Class Counsel's hourly rates are reasonable for this case. Specifically, the Court finds the following rates for Plaintiffs' lead counsel to be reasonable: For Mr. Marshall, $475 per hour in 2018 and $525 per hour in 2019 and 2020. For Ms. Murray, $450 per hour in 2018 and $500 per hour in 2019 and 2020. For Ms. Glass, $300 per hour in 2018 and $325 per hour in 2019 and 2020. For Mr. Lichten, $600 per hour for all years. And for Mr. Thomson, $375 per hour for all years.

26. Washington courts often apply an attorney's current rate for all work performed, regardless of when the work was performed, as a means of compensating for the delay in payment. *Steele v. Lundgren*, 982 P.2d 619, 626 (Wash. Ct. App. 1999) ("Allowing such an adjustment encourages attorneys to take potentially risky cases with clients who may not be able to afford to pay an attorney and allows public interest lawyers to benefit as would attorneys in private practice."); *see also Gates v. Deukemjian*, 987 F.2d 1392, 1406 (9th Cir. 1992) ("A fee award at current rates is intended to compensate prevailing attorneys for lost income they might have received through missed investment

opportunities as well as lost interest."). Here, Class Counsel's lodestar is based on their historical rates. Using only current rates, counsel's lodestar would be significantly higher.

27. Courts in this district have found Terrell Marshall's rates to be reasonable. *See Carranza v. Dovex Fruit Co.*, No. 2:16-cv-00054-SMJ, ECF No. 108 at 7–8 (E.D. Wash. Aug. 22, 2019) (approving rates ranging from $400 to $525 for Mr. Marshall); *Cavnar v. Bounceback, Inc.*, No. 2:14-cv-00235-RMP, Order Memorializing Court's Oral Rulings, ECF No. 152 at 6 (E.D. Wash. Sept. 15, 2016); *see also Brown v. Consumer Law Assocs. LLC*, No. CV-11-0194-TOR, ECF Nos. 211, 212 & 227 (approving rates up to $540); *Bronzich v. Persels & Assocs., LLC*, No. CV-10-00364-TOR (E.D. Wash.), ECF Nos. 296, 297 & 311 (approving rates up to $530). Although courts in this district have not addressed Lichten & Liss Riordan's rates, other courts around the country have approved a rate of $700 for Mr. Lichten and $400 for an attorney at Lichten & Liss Riordan with experience comparable to Mr. Thomson, who performed the bulk of work in this matter. Lichten Decl. ¶ 13. Lichten & Liss Riordan has calculated its lodestar here using rates of $600 for Mr. Lichten, who has forty years of experience in employment litigation on behalf of workers and employees, and

$375 for Mr. Thomson, who has eight years of experience. These rates are in line with rates approved by this Court. *See Carranza*, No. 2:16-cv-00054-SMJ, ECF No. 99 at 8–9; ECF No. 108 (approving rate of $550 for attorney with thirty years of experience and $225-$300 for attorney with five years of experience).

28. Class Counsel's fee request is especially reasonable considering the fact that it reflects a "negative" multiplier on their total lodestar incurred through December 7, 2020. Class Counsel request $550,000 inclusive of costs. When out-of-pocket costs are deducted, Class Counsel seek $480,670 and the fee reflects a negative multiplier of 0.47 on their total lodestar incurred ($480,670 ÷ $1,020,718.75 = 0.47). The negative multiplier results in an average rate that is effectively $157.82 per hour across all timekeepers ($480,670 ÷ 3,045.75 hours = $157.82).

29. The Court approves the service fee payment of $20,000 each for Class Representatives Belarmino Hernandez, Daniel Valencia, and Junior Arechiga and specifically finds that amount to be reasonable in light of the service performed by the Class Representatives for the class. The Class Representatives participated in discovery, assisted in the investigation of their claims, contacted witnesses, and participated in

mediation. The contributions are similar to the work of class representatives who received similar awards in other cases. *See, e.g., Hall v. L-3 Commc'ns Corp.*, No. 2:15-cv-00231-SAB, 2019 WL 3845460, at *4 (E.D. Wash. Aug. 2, 2019) (approving $20,000 service award for class representative who was also a named plaintiff and $10,000 service awards for class representative not named as plaintiffs who "gave their time freely knowing there was great risk that the action would not succeed, and their time could be for naught"); *Ikuseghan v. Multicare Health Sys.*, No. Civ. 14 5539, 2016 WL 4363198, at *1, 3 (W.D. Wash. Aug. 16, 2016) (approving $15,000 service award); *Vedachalam v. Tata Consultancy Servs., Ltd.*, No. 06 Civ. 0963, 2013 WL 3929129, at *2 (N.D. Cal. July 18, 2013) (approving $35,000 and $25,000 service awards to class representatives); *Ross v. U.S. Bank Nat'l Ass'n*, No. 7 Civ. 2951, 2010 WL 3833922, at *4 (N.D. Cal. Sept. 29, 2010) (approving $20,000 service award for each of four class representatives); *see also In re Lupron Mktg. & Sales Prac. Litig.*, 228 F.R.D. 75, 98 (D. Mass. 2005) ("Incentive awards are recognized as serving an important function in promoting class action settlements, particularly, whereas here, the named plaintiffs participated actively in the litigation.").

30. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by HDL or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by HDL or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Case.

31.  Upon the Effective Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means any and all claims and causes of action asserted or could have been asserted based on the facts asserted in this lawsuit that arose during the Settlement Class Period.

32.  Upon the Effective Date, the Class Representatives for themselves and their spouses, heirs, successors, and assigns, fully forever, irrevocably and unconditionally release HDL from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including back wages, penalties, liquidated damages, and attorney fees and costs actually incurred) of any nature whatsoever, from the beginning of time through the Effective Date, known or unknown, suspected or unsuspected, including but not limited to all claims arising out of, based upon, or relating to their relationship with HDL or the remuneration for, or, as applicable, termination of, such relationship. The Parties intend this release to be full and complete to the full extent allowed by law.

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS – 17

33. If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the parties shall be returned to the *status quo ex ante*, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

34. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including implementation and enforcement of the Settlement Agreement.

35. There were no objections to the Settlement.

36. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment be entered as final and appealable and the case **DISMISSED WITH PREJUDICE**.

//

//

//

//

//

37. The Clerk's Office is directed to **ENTER JUDGMENT** in Plaintiffs' favor and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of February 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge